JOHN DOLAN, Respondent, *v.* THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, Appellant.

Where a flagman has been uniformly stationed by a railroad corporation at a street crossing, the negligence of the flagman to give warning and properly to discharge his duty, or in absenting himself from his post, is imputable to the corporation.

In an action to recover damages resulting from a collision at a crossing, plaintiff's evidence tended to show that he and others, who were riding upon a truck with him, looked and listened for the usual signals and evidences of danger as they approached the crossing, but neither saw nor heard any ; that obstructions by buildings and cars standing on tracks before reaching the one on which the colliding train was approaching prevented plaintiff from seeing it, and that other noises prevented hearing it ; that they looked for the flagman usually stationed at the crossing, but he was absent, and that no signal indicated an approaching train. *Held,* that the vigilance which the evidence tended to show plaintiff exercised was all that could be required of him as matter of law ; that it could not be held as matter of law that it was the duty of plaintiff to have stopped his horses and gone forward to see if a train was approaching; but this, in connection with the surrounding circumstances, presented a question of fact for a jury.

It is not strictly proper to refer to the testimony of a witness, and ask the court to charge that if the jury believe the witness they must find in a certain way, or that a certain conclusion follows, as it prevents the jury from determining what facts are established by the witness' evidence.

Where the evidence of a witness for the defense in an action for negligence is not so specific and certain as necessarily to establish, as matter of law, negligence — either that defendant was not, or that plaintiff was guilty of negligence — a refusal of the court to charge that if they believe the testimony of the witness they must find for defendant, is not error

(Argued November 14, 1877 ; decided November 27, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for injuries resulting from a collision at a street crossing on defendant's road, alleged to have been caused by defendant's negligence.

On the 7th November, 1873, plaintiff was driving two horses

before a truck on a street, in the city of Albany, crossed by defendant's tracks. Defendant was required by a city ordinance to keep a flagman at the crossings, and it was its uniform custom so to do. There were warehouses along the street up to the line of the street upon which the tracks were laid. There were three tracks. Plaintiff's evidence tended to show that upon the first track, as he approached, a long train was standing, extending across the street; two cars at the crossing had been separated, leaving room for a team to pass through; there were also cars standing on the next track, obstructing the view of the third track, on which the colliding train approached, so that the train could not be seen until plaintiff got on to the track. Plaintiff, and two others with him in the truck, looked to see if a train was coming, but could see none; they looked for the flagman, but did not see him; they listened, also, for signals, but heard no bell or whistle or other sound indicating an approaching train—the prevailing noise on the street preventing their hearing its approach. Plaintiff did not stop the truck but drove on, and the train struck the truck; plaintiff was thrown out and seriously injured. There was, also, evidence tending to show that the train was running at a speed of about ten miles an hour.

When plaintiff rested, defendant's counsel moved for a nonsuit, which was denied, and defendant's counsel duly excepted.

Peter Murphy, the flagman, was called for the defense and testified that he was at the crossing ; that he halloaed to the plaintiff, swung his lamp and afterwards his hat, and called on them to stop.

The court, in its charge, called the attention of the jury to this evidence and to the evidence contradicting it, and submitted it to them to determine whether the flagman was there and did his duty, so as to warn the plaintiff, stating that it was an important question in the case — perhaps none more so. Defendant's counsel asked the court " to charge that if the jury believe that Murphy, the flagman, is truthful, and

did what he says he did in the warnings there, the plaintiff cannot recover. If the jury believe the account that Murphy gave; that he gave the warnings and made the outcry to stop the men in the manner he describes, the plaintiff is not entitled to recover."

The court declined to charge upon the subject other than as already stated.

Further facts appear in the opinion.

*Henry Smith*, for appellant. Plaintiff was bound to stop a moment, and see why the flagman was not at his post. (*Griffin* v. *N. Y. C. R. R. Co.*, 40 N. Y., 34; *Wilds* v. *Rumond*, 24 id., 430; 29 id., 315.) Plaintiff's statement that he did not hear the bell or see the flagman, did not raise a question of fact as against evidence that the bell was rung and the flagman at his post. (*Calhune* v. *N. Y. C. & H. R. R. R. Co.*, 60 N. Y., 133; *Havens* v. *E. R. Co.*, 41 id., 296; *Eaton* v. *E. R. Co.*, 51 id., 544; *Gorton* v. *E. R. Co.*, 45 id., 660; *Dascomb* v. *R. R. Co.*, 27 Barb., 221.)

*Amasa J. Parker*, for respondent. The absence of the flagman was a violation of law and evidence of defendant's negligence. (*McGrath* v. *N. Y. C. R. R. Co.*, N. Y. Ct. App. [not reported]; *Beisiegel* v. *N. Y. C. R. R. Co.*, 14 Abb. [N. S.], 29; *Jetter* v. *N. Y. C. R. R. Co.*, 2 Abb. Ct. App. Cas., 458; 110 Mass., 136.) The obstructions to the view relieved the plaintiff from the charge of contributory negligence. (*Mackay* v. *N. Y. C. R. R. Co.*, 35 N. Y., 75; *McGuire* v. *H. R. R. R. Co.*, 2 Day, 76.) Plaintiff was not required to stop his horses. (*Beisiegel* v. *N. Y. C. R. R. Co.*, 34 N. Y., 621; 47 id., 402.) Plaintiff was only bound to look for the usual and ordinary signals and evidences of danger. (*Webber* v. *N. Y. C. R. R. Co.*, 58 N. Y., 451.)

CHURCH, Ch. J. Our conclusions in this case are: 1st. That the nonsuit was properly denied. The evidence of an improper rate of speed was slight, but the evidence tended

to show that the flagman, which the company had uniformly kept at the Orange street crossing, and which was required by the city ordinance, was absent from his post.    Irrespective of the effect of an ordinance, negligence cannot be predicated of an omission to keep a flagman; but, when a flagman has been uniformly stationed at a crossing, the negligence of the flagman to give warning and properly discharge his duty, or in absenting himself from his post, is imputable to the company.    Nor, as matter of law, could contributory negligence be imputed to the plaintiff.    The evidence tended to show that he and the other persons with him looked and listened for the usual signals and evidences of danger; that obstructions of the warehouse and cars standing on both tracks before reaching the one on which the colliding train was approaching prevented the plaintiff from seeing that train, and the prevailing noise prevented hearing it; that they looked for the flagman, and the usual signals from him, and that the flagman was not there, and that there was no signal indicating an approaching train.    Under these circumstances, men of ordinary prudence might have inferred that no train was approaching, and that it was safe to cross.    The vigilance which the evidence tended to show that the plaintiff exercised is all that has been required as matter of law.    (47 N Y., 400.)    There may be cases where a higher degree of vigilance might be regarded as proper, but those are exceptional cases, which must be left to the jury upon the facts. It is a general rule that care commensurate with the danger must be exercised, and it is also a general rule that it is the province of the jury, and not of the court, to determine whether such care has been exercised.    Courts have held that a person, in approaching a railroad crossing, must employ his senses of hearing and seeing to avoid danger; and, if not done, he is negligent as matter of law.    Beyond this courts cannot go, without usurping the province of the jury to determine questions of fact.    The learned counsel argued that it was the duty of the plaintiff, under the circumstances presented, to have stopped his horses and gone

forward to see if a train was approaching. Concede that common prudence would have required this, how is it possible to make it a question of law? It involves the consideration of all the surrounding circumstances, the extent of the obstructions, the time of day or evening, the extent of the light afforded by the street lamps, the frequency and usual rapidity of the trains at that point, the absence of the flagman, the time it would take to cross the track, involving the nature and character of the establishment used by plaintiff, and the proper inferences to be drawn from all these facts.

How can the court say, as a legal conclusion, that the danger was so imminent that the unusual measures suggested were necessary to avert it, or that the omission to employ them was legal negligence? If a person does not look to see if a train is approaching, when looking would discover it, the law will be applied to the fact. In such a case, there is nothing for the jury to determine — no inferences to be drawn — no judgment to be exercised; the fact being established, it is the duty of the court to declare its legal significance. But, whether exceptional circumstances are such in a given case as to require additional and unusual precautions, and if so, what precautions, is widely different, and necessarily calls for inferences and the exercise of judgment, as to which impartial men might differ, and hence must be determined by the jury.

A more serious question arises on a refusal to charge as requested. The defendant requested the court to charge that " if the jury believe that Murphy the flagman is truthful, and did what he says he did in the warnings, then the plaintiff cannot recover. If the jury believe the account that Murphy gave, that he gave the warnings and made the outcry to stop the men in the manner he describes, the plaintiff is not entitled to recover."

The attention of the court was not called to the reason claimed why the plaintiff could not recover if the evidence of Murphy was believed, whether because it would relieve the defendant from the charge of negligence, or conclusively

fasten contributory negligence upon the plaintiff. Again, the facts which it was claimed Murphy had testified to, and which if he was believed were established, were not stated. It should be observed also that the court had charged that Murphy's evidence presented the most important question in the case, and in declining to charge the specific request, the judge stated that he had declined to charge other than he had charged.

We have arrived at the conclusion, but with considerable hesitation, to overrule the exception to this refusal. The request was not as specific as is desirable. It is not strictly proper to refer to the testimony of a witness, and ask the court to charge that if the jury believe that witness, they must find in a certain way; or that a certain legal conclusion follows, because it prevents the jury from construing the evidence and determining what facts it does establish. The evidence of Murphy was important upon the question of the negligence of both the plaintiff and defendant; but we do not think it was so specific and certain as necessarily to establish as matter of law either that the defendant was not, or that the plaintiff was guilty of negligence. This would conclude the jury from determining what particular facts Murphy's evidence, if truthful, did establish; the time when, the place where and the character of the signals given; and also to determine the effect of any discrepancies or ambiguities there may have been in his evidence. If, when the plaintiff's team was a sufficient distance back, he stood in the track in the street and exhibited his lamp as a signal to stop, for a sufficient time to enable the plaintiff to see it, his not seeing it, or if seeing it, not heeding it, would be very strong, if not conclusive, evidence of negligence on his part; but if this was not done at the proper time, or in the proper manner, negligence might not be imputable. The objection to the request is, that it precluded the jury from construing Murphy's evidence.

The amount of the recovery, if any recovery was had in this case, does not (as in many similar cases) seem to be

unreasonable; and as we are unable to reverse the judgment upon a point which would constitute a defense in law to the action, it is doubtful, at least, whether a new trial would be of any substantial benefit to the company. At all events, there is no occasion for abating the strict rules of law to accomplish that object.

The judgment must be affirmed.

All concur.

Judgment affirmed.