Bockes, J
This is an appeal by the defendant from a-judgment entered on the verdict of a jury against it for $487.34, with costs, $155.84; in all $643.18.
The action was on three policies of insurance on the life of Mathew McGrath, payable to the plaintiff, his widow.
The defense was fraud in the procurement of the policies, and breach of warranty, because of false statements and answers given in the applications for the insurances, which applications were made part of the contract of insurance, it being provided and declared in such contracts that if the-representations, upon which the policies were granted, were, not true the policy would be void; and, in the applications, the representations and answers therein contained were declared to be warranties to the effect that they were “strictly correct and wholly true;” and that any untrue-answers therein would render the policies null and void. The answers given in the applications, which are claimed as untrue, and therefore constituting a breach of warranty rendering the contract void, were as follow's: “When last. " sick ? ” Answer in the first application, “ 1880,” and in the *377 other two applications, “Never.” “What disease?” Answer in first application, “Cold,” and in the other two, “None.” “Name and address of physician ? ” In the first, “Dr. Ferguson, East Troy,” and in the other two, “None.” And in each application, to the question whether he ever had disease of the kidneys or disease of the liver, the answer was “No;” audit was also stated in each application that the applicant was then of sound health and had not withheld any material fact about his life.
Now, these representations, statements and answers are to be considered as warranties of the facts as represented, stated and made; and the question is whether, under the proof, any of them were, or either of them was shown absolutely untrue, so as to raise a question of law in that regard, requiring a decision of the court favorable to the defendant on the motion for a non-suit. If the evidence touching the subject was indistinct—not absolutely conclusive to the effect that the representations and answers were, or that some one of them was untrue, and yet there was some proof bearing on such questions, the case was for the jury. The learned trial judge held that the case belonged to this latter class; and in this we are of the opinion that he was right. There was some evidence tending to show that the insured had been sick; had been attended by physicians; by Dr. Ferguson, named in the application, and by others occasionally for temporary and slight ailments.
It seems that he had at one time the jaundice—torpid liver—chronic, that is, continuing for a time, and to an extent that was observable, and for which he was treated; but as it also testified to from this ailment he seemed to entirely recover, became a well, robust, rugged man, and attended to his business. The doctor stated that a torpid liver was not necessarily an organic disease, and might arise with any person as a temporary ailment, might, however, become an organic disease. It seems too, that his water was drawn with a catheter, the difficulty doubtless arising from the attack of the jaundice or torpid liver. But as above stated, it was in proof that from this trouble he recovered and became a robust, rugged man. The plaintiff, his widow, testified as to his sickness of 1880. She says he was sick at Port Henry and came home; that he had a severe cold ; was attended by Dr. Ferguson; was able to get around; was not confined to his bed; got a heavy cold and jaundice set in. Without recapitulating the evidence, it must suffice to say, that it was as above given in its general tenor. Under this state of proof, it became a question of fact for the jury on all the evidence, whether a *378 breach of warranty was or was not established,' whether the illness of the assured amounted to a settled disease, or was a mere temporary ailment; such as ordinarily healthy and well persons are subject to, followed usually by immediate recovery, without constitutional impairment. This subject was quite elaborately discussed in Cushman v. U. S. Life Ins. Co. (70 N. Y., 72), where, among other pertinent observations, it is said that “in construing a policy of life insurance it must be generally true that before any temporary ailment can be called a disease, it must be such as to indicate a vice in the constitution, or be so serious as to have some bearing upon general health and the continuance of life, or such as according to common understanding would be called a disease ; and the remarks of the court in Barteau v. Phœnix Mut. Life Ins. Co. (3 N. Y., Sup. Ct. R. T. & C., on page 578), are referred to wibh approval, to which observations attention is invited. This case differs on the facts as regards the question here under examination, from Dwight v. The Ger. Life Ins. Co. (3 N. Y. State Rep., 115), lately decided in the court of appeals, in this, that there the fact constituting the breach of warranty was clear, specific and undisputed, and thus was presented a question of law on a given fact ; here the fact or facts are made to depend on conclusions to be derived from due consideration and construction of evidence, consisting of a variety of circumstances, admitting of different and opposite conclusions, accordingly as it should be given importance and effect.
Then taking into consideration the symptoms and nature of the illness, how induced or contracted, its duration, with complete or partial recovery—-and, indeed, a,11 the many circumstances bearing upon the subject, brought out by the proof, it was for the jury to determine whether, prior to the. obtaining of the insurance, the assured had upon him more or other than that which should be deemed a mere temporary ailment. This conclusion also, as we think, applies in principle to all the several subjects urged as constituting breaches of warranty; that is, we conclude that under the proof it became a question for the jury whether there was or was not, in point of fact, in view of all the circumstances surrounding the case, any really untruthful representation, statement or answer given by the assured, connected with and affecting the contracts of insurance, or either of them.
The defendant’s counsel requested the court to charge the jury, that if they believed the statements of certain of the witnesses (naming them), they should find that the assured was afflicted with disease prior to his application for insurance; and as to one of the witnesses, if the jury should *379 believe his testimony, then the assured was shown to have been afflicted with a sickness within the meaning of the contract. The requests were refused and exceptions duly entered. In this refusal there was no error. Dolan v. Del. and Hud. C. Co., 71 N. Y., 285. Such instruction, if followed, would conclude the jury from construing the evidence and determining what facts it did establish. Our conclusion is, that the judgment and order appealed from should be affirmed.
Judgment and order affirmed, with costs.
Learned, P. J., andLANDON, J., concur.