KATHERINE J. WILBUR, as Administratrix, etc., of JUDD L. WILBUR, Deceased, Respondent, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.

*Negligence — death of a person crossing railroad tracks — contributory negligence, a question for the jury — evidence as to a flagman.*

A person about to cross railroad tracks is bound to make all reasonable effort to see, that a careful and prudent man would make under like circumstances. He is not, however, bound to provide against any particular result.

It is for the jury, upon the trial of an action brought to recover damages sustained by reason of the death of the plaintiff's intestate, to determine from the evidence whether the deceased used reasonable care and caution when attempting to cross the railroad tracks where the accident occurred, and also to determine whether he could have seen the approaching train, by which he was run over and killed, in time to have avoided the accident.

Upon the trial of an action brought to recover damages sustained by reason of the death of the plaintiff's intestate, caused by his being run down by a train at a highway crossing, where it has been shown that the flagman was absent from the crossing at the time of the accident, it is competent for the plaintiff to show that, two or three weeks prior to the accident, the deceased crossed the tracks at the same place, and that there was then a flagman stationed at the crossing at the time of the passing of the same train by which the deceased was subsequently killed.

APPEAL by the defendant, The Delaware, Lackawanna and Western Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of

the county of Chemung on the 3d day of February, 1894, upon the verdict of a jury for $5,000, rendered after a trial at the Chemung Circuit, and also from two orders entered in said clerk's office, one on the 24th day of January, 1894, and the other on the 1st day of February, 1894, denying the defendant's motion for a new trial made upon the minutes.

The action was brought to recover damages resulting from the death of Judd L. Wilbur, occasioned, as the plaintiff claimed, by the negligence of the defendant.

*John G. Milburn* and *Robert T. Turner*, for the appellant.

*Frederick Collin*, for the respondent.

MERWIN, J.:

The railroad of the defendant, at or near its station at Lowman-ville, in the county of Chemung, crosses at nearly right angles a highway which runs nearly north and south. On the 8th day of April, 1893, Mr. Wilbur, the plaintiff's intestate, in company with one Gardner, was passing northerly along this highway in a one-horse covered buggy. Mr. Wilbur sat on the right-hand or easterly side and was driving. The day was cloudy and rainy and the top of the buggy was up and the side curtains down. It was about five o'clock in the afternoon. The road of the defendant there has two tracks, the space between the two being about eight feet. As Wilbur approached the crossing, and about twenty-five feet from it, he stopped and waited for the passage eastwardly of a long freight train on the south or east-bound track. After this train passed by he drove on, and as he was crossing the north or west-bound track he was struck by a train going west on the north track and both he and Gardner were killed. The train was a fast one, going, accord-ing to some of the evidence, at the rate of over sixty miles an hour and was behind time. It was known as No. 3 and called the flyer. The plaintiff gave evidence tending to show that no signals were given of the approach of the train, no whistle blown or bell rung. Evidence to the contrary was given on the part of the defendant. An issue in this respect was presented for the jury to decide, and the verdict in this respect should not be disturbed. Whether the defendant was negligent was a question of fact.

The question of contributory negligence is strongly pressed.

There is evidence that as Mr. Wilbur started to drive across, and before he reached the first track, he looked out eastwardly as if to see whether a train was approaching on the other track. At what particular point he was when he looked cannot with certainty be fixed. Two witnesses speak of the looking out, but whether they refer to the same act or different acts was for the jury to say. So it was uncertain as to how far the rear of the freight train had passed beyond the crossing at the time the looking out occurred, and hence uncertain how far eastward the party looking could see an approaching train. There was a curve in the eastward tracks which, according to some of the evidence, prevented seeing a train in that direction more than about sixty rods. There was also the freight train, and its engine as it passed along emitted a good deal of smoke that was going over the tops of the cars and might interfere somewhat with seeing an approaching train. There was no flagman at the crossing, although the deceased had seen one there a short time before. The train was coming very rapidly, as the jury may have found, and without any signals heard by the deceased.

The question of contributory negligence was, we think, for the jury to decide. (*Greany* v. *Long Island R. R. Co.*, 101 N. Y. 419; *McNamara* v. *N. Y. C. & H. R. R. R. Co.*, 136 id. 650; *Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 451; *Parsons* v. *N. Y. C. & H. R. R. R. Co.*, 113 id. 364; *Sherry* v. *N. Y. C. & H. R. R. R. Co.*, 104 id. 652; *Borst* v. *Lake S. & Mich. S. R. R. Co.*, 4 Hun, 346; *Miller* v. *N. Y. C. & H. R. R. R. Co.*, 82 id. 164.) The deceased was bound to make all reasonable effort to see, that a careful, prudent man would make under like circumstances; he was not bound to provide against any certain result. (*Shaw* v. *Jewett*, 86 N. Y. 617.) In the *Greany* case (p. 427) it is said of an occurrence, similar in some respects to the present, that whether the party "looked exactly at the right moment, or in each direction in proper succession, or from the place most likely to afford information, cannot be determined as matter of law, and whether upon the whole, and in view of all the surrounding circumstances, including the negligent conduct of defendant, she exercised due care, was a question which the trial court could not properly decide for itself, but was bound to submit to the jury as one which they alone could answer." In the *McNamara* case it was said (p. 653) : "It was

possible for the jury to find upon the evidence that she (the plaintiff) used reasonable care and caution, and this made the question one of fact which has been determined by the verdict in favor of the plaintiff."

In this case whether the deceased, in the exercise of reasonable care under the circumstances, should have seen the train in time to have avoided the accident was a question of fact for the jury.

Upon the question of contributory negligence it is claimed by the defendant that improper evidence was received. It was shown by plaintiff, without objection, that at the time of the accident there was no flagman at the crossing. It was then shown by a witness named Pierce that two or three weeks before the accident he had driven over this crossing with Mr. Wilbur about the time this train No. 3 passed through west. The question was then asked : " Was there at that time a flagman at that crossing ? " This was objected to by the defendant as immaterial and inadmissible, and the court held it was admissible on the question of contributory negligence, and overruled the objection, and defendant excepted, and witness testified that, within the view of witness and of Wilbur, there was a flagman at that crossing for that train.

In *McNamara* v. *N. Y. C. & H. R. R. R. Co.* (*supra*) a flagman stationed at a crossing whose duty it was to warn persons approaching of danger, was absent from his post at the time of the accident, and it was in effect held that this was a circumstance to be considered on the question of the contributory negligence of one accustomed to pass at that point, the court saying that the deceased " had the right to rely upon the presence of the flagman to warn her of any danger, and she had a right to assume that trains would not be operated at such a place with such an unusual rate of speed, and that proper signals would be given to persons using the street of the approach of a train by ringing the bell and sounding the whistle." The defendant claims that the case of *McGrath* v. *N. Y. C. & H. R. R. R. Co.* (59 N. Y. 468) is in point against the relevancy of the evidence. In that case, as said in the opinion at page 472, " There is no ground for imputing any negligence to the plaintiff upon the evidence in the case, unless he omitted to look for the approaching train before he crossed the railway, or undertook to cross the track in advance of the train after seeing it." It was held

that the absence of the flagman who was accustomed to be there did not excuse the traveler from the charge of negligence in omitting the use of his senses.   This case does not seem to necessarily hold, and in view of the *McNamara* case it should not be deemed to hold, that when the traveler does not look and listen, and the question is whether he looks at the proper place or at the proper time, the circumstance of the absence of the flagman may not be considered with other circumstances.

In *Dolan* v. *Del. & Hudson C. Co.* (71 N. Y. 285) the absence of the flagman is stated to be one of the circumstances to be considered on the question of the negligence of the plaintiff.   In *Sullivan* v. *Tioga R. R. Co.* (44 Hun, 304, 311) it was held competent to prove on the question of contributory negligence that the defendant failed to observe its rule as to the ringing of the bells of locomotives in its yard.

But it is argued that there is no proof that it was customary for the defendant to have a flagman at that crossing.   There was no proof on that subject either way, except as it may be inferred from the evidence of the witness Pierce above referred to.   The evidence was not objected to on that ground.   The material question was, what knowledge did the deceased have of the situation, as he approached on the day of the accident, that would properly bear on the amount of care he should exercise ?   He had been there shortly before at the time this train passed, and a flagman was there.   It cannot be said, as in the case of *Whalen* v. *N. Y. C. & H. R. R. R. R. Co.* (58 Hun, 431, 433), cited by the counsel for the defendant, that the deceased knew it was not the habit of the company to have a flagman there.   He did not live in that vicinity, and we cannot assume that he would know the custom of the company on the subject.   That he had in fact been there recently before was, we think, competent and its weight was for the jury to determine.   The counsel for the defendant claims that the court in its charge permitted the jury to give undue effect to the circumstances of the absence of the flagman.   The question as finally left to the jury on that subject was " whether, taking the circumstances as they there existed, including this fact, he acted as an ordinarily prudent man in proceeding to cross as he did."   This, we think, correctly presented the question, and, in view of the prior discussions between court and counsel, it

is not apparent that the jury would be likely to be misled by any prior statement of the question in a form that, perhaps, was not exactly correct.

We find no sufficient ground for reversal.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and orders affirmed, with costs.