employed by Heyman to make an exchange, and afterwards had interviews with the defendant on the matter; that he gave the defendant one of his business cards, with a diagram on its back, which showed that the plot was 290 feet on Covert street and 80 feet on Schaeffer street; that negotiations about the exchange followed; that, when the parties thereafter met to sign a contract, it appeared that there was a mistake as to the shape and location of the lots, that the longer front was on Schaeffer, and not on Covert, street; that an agreement for the exchange was drawn up, which contained the latter and the correct description, except, possibly, as to one of the side lines, which might have been one or two inches out of the way. There was contradictory evidence as to other parts of the interviews. The plaintiff's evidence tended to show that, at the time of drawing up the written contract, the parties agreed verbally to make the exchange, and only adjourned to have a correct survey as to the two-inch line, and that, upon that being done, the contract was to be deemed complete; while the defendant's evidence tended to show that there was no meeting of the minds of the parties, and that everything was left open and unsettled, and that no contract, verbal or otherwise, was made; that, although a diagram of the plot was contained in the contract, it was not certain that Heyman owned the property laid down thereon; and that this prevented a conclusion of the contract; and that this was material, as property on Covert street was more valuable than property on Schaeffer street. The court, in a charge to which no exception was taken by either party, fairly presented to the jury the questions of fact involved, and the jury rendered a verdict for the defendant. We cannot interfere with the verdict. There was no such preponderance of testimony as to justify us in saying that it was against or contrary to evidence.

The judgment must be affirmed, with costs. All concur.

---

(28 App. Div. 589.)

LOCKWOOD v. POUGHKEEPSIE & E. RY. CO.

(Supreme Court, Appellate Division, Second Department. April 26, 1898.)

RAILROADS—ACCIDENT AT CROSSING—CONTRIBUTORY NEGLIGENCE.

In accident cases it is a general rule that care commensurate with the danger must be shown to have been exercised, and it is also a general rule that it is the province of the jury, and not of the court, to determine whether such care has been exercised. And while the courts have held that a person in approaching a railroad crossing is negligent, as a matter of law, if he fails to employ his senses of hearing and seeing, they cannot go into further details of necessary caution without usurping the province of the jury.

Appeal from trial term, Dutchess county.

Action by Frank Lockwood against the Poughkeepsie & Eastern Railway Company. Judgment for plaintiff. From an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

Frank B. Lown, for appellant.

Carroll Whitaker (John J. Linson, on the brief), for respondent.

WOODWARD, J.    The plaintiff in this action was employed as a motorman on the Poughkeepsie & Wappingers Falls Electric Railway Company, whose line of railroad crossed the tracks of the defendant at grade, nearly at right angles, at a point near a building known as "Reynold's Elevator," on North street, in the city of Poughkeepsie.    While engaged as such motorman on the 5th day of March, 1897, the car being operated by the plaintiff was struck by a car connected with an engine being operated by the servants and employés of the defendant, and the plaintiff was seriously injured in the collision.    The case came on for trial at the Dutchess county trial term of this court, and resulted in a judgment for the plaintiff in the sum of $1,000.    From this judgment, and the order denying the motion for a new trial, the defendant appeals to this court.    While it seems to us clear that a person in the position of this plaintiff was peculiarly obligated to use the utmost degree of care, we are unable to see our way clear to disturb the finding of the jury, or to grant a new trial.    As was said by Church, C. J., in the case of Dolan v. Canal Co., 71 N. Y. 285:

"There may be cases where a higher degree of vigilance might be regarded as proper, but those are exceptional cases, which must be left to the jury upon the facts.    It is a general rule that care commensurate with the danger must be exercised, and it is also a general rule that it is the province of the jury, and not of the court, to determine whether such care has been exercised.    Courts have held that a person, in approaching a railroad crossing, must employ his senses of hearing and seeing, to avoid danger, and, if not done, he is negligent, as matter of law.    Beyond this, courts cannot go, without usurping the province of the jury to determine questions of fact.    The learned counsel argued that it was the duty of the plaintiff, under the circumstances presented, to have stopped his horses, and gone forward, to see if a train was approaching.    Concede that common prudence would have required this; how is it possible to make it a question of law?    It involves the consideration of all the surrounding circumstances, the extent of the obstructions, the time of day or evening, the extent of the light afforded by the street lamps, the frequency and usual rapidity of the trains at that point, the absence of the flagman, the time it would take to cross the track; involving the nature and character of the establishment used by plaintiff, and the proper inferences to be drawn from all these facts.    How can the court say, as a legal conclusion, that the danger was so imminent that the unusual measures suggested were necessary to avert it, or that the omission to employ them was legal negligence?    If a person does not look to see if a train is approaching, when looking would discover it, the law will be applied to the fact.    In such a case there is nothing for the jury to determine, no inferences to be drawn, no judgment to be exercised.    The fact being established, it is the duty of the court to declare its legal significance.    But whether exceptional circumstances are such, in a given case, as to require additional and unusual precautions, and, if so, what precautions, is widely different, and necessarily calls for inferences, and the exercise of judgment, as to which impartial men might differ, and hence must be determined by the jury."

The reasoning of the learned court in this case seems to us to preclude the contention of the defendant, and we see no way in which it may be relieved from the judgment rendered against it at the trial term.

The judgment and order appealed from are affirmed, with costs. All concur.