Frederick G. Winn, Appellant, *v.* New York Central and Hudson River Railroad Company, Respondent.

*Negligence — liability of a railroad company to one injured while walking between its tracks — absence of a flagman at a crossing, not used by the injured person — contributory negligence.*

In an action to recover damages for personal injuries it appeared that the defendant was a railroad company, and that upon its right of way in the village of Hastings, N. Y., it maintained at a distance of two feet and four inches easterly from the westerly rail of the south-bound track, a wooden trunk two feet wide, used to carry signal wires; that this trunk extended between two grade crossings near its station, and was frequently used as a thoroughfare by the plaintiff and others, in the presence of the defendant's employees; that about six o'clock upon the day of the accident, the plaintiff went to a switch shanty, at one of the crossings, to get some tools, and failing to obtain admission walked along the trunk northerly about fifteen or twenty feet, when he heard the six o'clock whistle blow; that, with the intention of returning to the shanty, he turned around and then became aware that one of the defendant's trains was going by upon the south-bound track; that he felt himself drawn toward the train, and despite his efforts to save himself was drawn into it and injured.

The train was a regular train and was on time, and the plaintiff was familiar with the situation, having walked upon the trunk hundreds of times while trains were passing on the south-bound track.

*Held,* that the plaintiff was a mere licensee;

That the absence of a flagman at the crossing and the failure to give any warning of the approach of the train did not render the defendant liable to the plaintiff as the plaintiff did not intend to use the crossing;

That in view of the plaintiff's familiarity with the situation, and the fact that before he turned around to return to the switch shanty he could have seen the train at a distance of 350 yards, he could not be said to have established his freedom from contributory negligence.

Appeal by the plaintiff, Frederick G. Winn, from an order of the Supreme Court, made at the Kings County Trial Term and entered in the office of the clerk of the county of Westchester on the 16th day of May, 1901, setting aside the verdict of a jury in favor of the plaintiff for $7,000 and granting a new trial, and from the judgment entered thereupon in said clerk's office on the 16th day of May, 1901, dismissing the plaintiff's complaint.

*Thomas J. O'Neill,* for the appellant.

*Ira A. Place* and *Charles C. Paulding,* for the respondent.

JENKS, J. :

In the neighborhood of the station of the defendant at Hastings, New York, there are two grade crossings at Washington avenue and at Dock street, about five hundred and eighty feet apart.    The defendant's right of way is about sixty-six feet and lies approximately north and south.    On the margin at the east side is a picket fence, and then as one travels across that right of way he comes to a walk, a post and iron fence extending for a part of the way, a north-bound track, a middle or freight track, a south-bound track, a trunk of wood used to carry signal wires, a switch or siding and then a private road.    The space between the trunk and the westerly rail of the south-bound track is two feet and four inches.    This trunk was a covered boxing of planks, two feet wide, which extended from Washington avenue to Dock street, the signal tower being near the latter crossing.    It appeared that this trunk was frequently walked upon as a passageway in the presence of the employees of the defendant, and the plaintiff testifies that he had thus used it on two or three hundred occasions and at times while slow trains were passing by.    The plaintiff was injured while using this trunk as a passageway.    At most, he was there under an implied license, and the duty of the defendant must be measured by its obligation to him, a licensee.    (*Sutton* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 243 ; *Nicholson* v. *Erie R. Co.*, 41 id. 525).    The measure of that obligation is stated by ANDREWS, J., in the former case, as follows : " The license of the defendant to the workmen at the foundry to cross the track cannot be construed as restricting the company in the use of its tracks in the prosecution of its business.    The licensees acting under this license took the risks incident to the business and of the danger to which they might be exposed from the management of the road in the usual and ordinary way."    And in the *Nicholson Case* (*supra*) the court say : " He (the plaintiff) was where he had no legal right to be.    At most, he had a mere license to cross the defendant's track, a license implied from use, and from the fact that such use had not been expressly forbidden.    But such license created no legal right, and imposed no duty upon the defendant except the general duty which every man owes to others, to do them no intentional wrong or injury."    (*Matze* v. *N. Y. C. & H. R. R. R. Co.*, 1 Hun, 417 ; *Cusick* v. *Adams*, 115 N. Y. 55.)

Having ascertained the status of the plaintiff and the obligation of the defendant, I proceed to discuss the facts of the accident.   A few minutes before six o'clock P. M. on January 3, 1899, the plaintiff came from a factory near the railroad track, and as a "short cut" first crossed the track by the station between the switch tower and two or three freight cars which had been backed down and were standing there.   He went toward the station, then turned to his right and went down to a shanty of Smith, the switchman at the Dock street crossing, to get tools which he had left there in the morning.   The door was locked, and Smith refused to admit him. Plaintiff then walked away and along the trunk northerly about fifteen or twenty feet, when he heard the six o'clock whistle from a factory near by.   He then turned back, and went again to the shanty.   He looked toward it and saw Smith at the north window, and then he "first felt" a train of the defendant going by upon the south-bound track.   Plaintiff says that he felt himself drawn towards it by "suction force," that when he lost his equilibrium he threw his hands forward consciously to protect himself, but he was drawn into the train.   The injury was undoubtedly caused by the regular express train of the defendant, which ran without stop between Albany and New York city, and which was due at Hastings at one minute before six o'clock.   The plaintiff states as his cause of action that while he "was on the board walk,   *   *   * the said walk having been used for a long time theretofore by the general public, passing that way, as a public thoroughfare and as an approach to the defendant's railroad depot, with the knowledge of the defendant, the said defendant so carelessly and negligently operated its said trains and said railroad in that, among other things, its servant, whose custom for a long time it had been, and whose duty it was, to warn persons and travelers of approaching trains, and he being aware of the then presence of the plaintiff, omitted to warn this plaintiff or give any warning of any kind of the approach of a fast express train, of whose approach the plaintiff had no warning of any kind or nature.   *   *   *"

The learned counsel for the plaintiff contends that the plaintiff was in the immediate neighborhood of the crossing, and that he had a right to suppose from the absence of any flagman or signal of warning that he was secure.   But he fails to discriminate between

the status of the plaintiff, who was a mere licensee, and that of the respective plaintiffs in the various decisions which are cited upon his brief. Thus in *McNamara* v. *N. Y. C. & H. R. R. R. Co.* (136 N. Y. 650) the plaintiff was injured at a street crossing while attempting to pass over the track at that place. In *Dolan* v. *D. & H. Canal Co.* (71 N. Y. 285) the plaintiff was driving upon a highway crossed by the track of the defendant; and the same state of facts existed in *Wilbur* v. *D., L. & W. R. R. Co.* (85 Hun, 155). In the *Wilbur Case* (*supra*), said by the learned counsel to be strongly analogous to this case, the plaintiff was walking upon a public street of the city and across the tracks of the defendant. And the court, saying that the absence of any warning from the flagman is a material element in the question of the contributory negligence of the plaintiff, cites authorities as to the assurance that is given to a traveler approaching a railroad crossing. I think that a distinction must be made between a licensee in the vicinity of a crossing, who is not attempting to use the crossing or even to cross the tracks at all, and one who is approaching a crossing for the purpose of using such thoroughfare. The flagman is stationed or the signals are given for the reason that the existence of a crossing implies its use, and that accident may result in the absence of warning. The wayfarer who approaches the crossing intending to pass upon it is neither a trespasser nor a licensee. He has a right to pass independent of any permission or license of the defendant, and the defendant's duty is based upon a recognition of that right. The plaintiff does not contend that he was about to cross the track; he was standing or walking upon a passageway parallel with it. Two or three steps to the side would have placed him entirely out of danger, and it does not appear that there was any impediment to that course. Nor do I think that the plaintiff showed himself clear of contributory negligence. While he testified that before he turned, he was looking north up the track and saw no train, or heard neither bell nor whistle, it does not appear that he either looked or listened for that purpose. He had been familiar with the locality for years. He had walked upon the trunk hundreds of times while trains were passing on this very track. He knew, then, his natural proximity to the train upon that track. He had been facing to the north, and then turned around deliberately. He

could have seen the train three hundred and fifty yards away before the turn in the road shut out vision. Hotaling, the signal man, testifies that he heard the train three-quarters of a mile away. The plaintiff could not, even if he had been at a crossing about to cross, omit reasonable precautions in reliance on the signals usually given by the defendant. (*Rodrian* v. *N. Y., N. H. & H. R. R. Co.*, 125 N. Y. 526.)

The order granting a new trial upon the exceptions taken, and upon the grounds that the verdict was contrary to the evidence, contrary to law and excessive, must be affirmed, without costs. The judgment dismissing the complaint should be reversed, without costs.

GOODRICH, P. J., BARTLETT, WOODWARD and HIRSCHBERG, JJ., concurred.

Order granting new trial affirmed, without costs. Judgment dismissing complaint reversed, without costs.