(89 App. Div. 328.)

WEINTRAUB v. GUILFOYLE.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. NEGLIGENCE — KILLING OF CHILD—IMPUTED NEGLIGENCE—WARNING TO CHILD—FATHER'S EVIDENCE—WEIGHT—INSTRUCTIONS.

Where, in an action for the death of a child run over by the negligence of defendant, the only evidence that the child had been warned against going into the street was that of her father, and the court charged that plaintiff must show a warning in order to recover under certain circumstances, and that the jury might consider that the father was an interested witness, it was error to refuse to charge that the evidence of the father, if believed, would warrant a finding that the child had been warned.

Appeal from Trial Term, Kings County.

Action by Morris Weintraub, as administrator of the estate of Libby Weintraub, deceased, against John Guilfoyle. From a judgment for defendant, and from an order denying plaintiff a new trial, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Alexander Rosenthal, for appellant.

Luke D. Stapleton (Ernest P. Seelman, on the brief), for respondent.

PER CURIAM. This action is brought to recover for the death of the plaintiff's decedent, his child of the age of six years, who was run over and killed under circumstances in which it is sought to charge the defendant upon the ground of negligence.

The plaintiff testified that he had frequently warned the child against going into the street where the accident occurred. His evidence was the only evidence given on that subject. The learned trial justice charged the jury that it was incumbent upon the. plaintiff, in order to recover under certain circumstances, to prove that he had given such warnings; and he also properly charged the jury that they could take into . consideration the fact that the plaintiff was an interested witness, in determining what credence should be given to his statements. He was asked by the plaintiff's counsel to charge the jury "that the evidence of the father in this case would, if credited by the jury, warrant the jury in finding that he did warn the child against the ·dangers of the highway." This request was refused, and we deem the refusal reversible error. The attention of the court was called at the time to the fact that the plaintiff had given the testimony referred to, so that the refusal was equivalent to an instruction that the fact of the warning could not be established solely by the evidence of the plaintiff, even though that evidence· were believed. The only case cited by the learned counsel for the respondent in support of this ruling is that of Dolan v. Delaware & Hudson Canal Co., 71 N. Y. 285. In that case, however, the request was in effect that, if the jury believed the testimony of the witness therein referred`to, it would be obliged, as matter of law, to decide in favor of the plaintiff. The difference between the two cases is obvious. Here, all that was asked was that the jury should be instructed that, if they believed the testimony of the plaintiff on the subject of warnings, they would be at liberty to conclude that the warnings had been given, notwithstanding the testimony was that of an interested person. The plaintiff was clearly entitled to have this instruction given to the jury, .and because of the error in refusing it a new trial is necessary.

Judgment and order reversed, and new trial granted; costs to abide the event.