CLIFFORD T. STRICKLAND, Appellant, v. WILLIAM HENRY, Respondent.

BILLS, NOTES AND CHECKS — EVIDENCE — WHEN QUESTION WHETHER NOTE WAS DELIVERED WITHOUT VALUE FOR ACCOMMODATION OF PAYEE IS FOR A JURY TO DETERMINE. Where, in an action brought on a promissory note, the defendant and the payee of the note testified that the note had been made without consideration and solely for the accommodation of the payee, who transferred it, before maturity, to the plaintiff for less than its face value, such evidence tends to overthrow the presumption, raised by plaintiff's possession of the note, that the note was given for a good consideration and passed to plaintiff in due course of business, and standing uncontradicted, the question whether the note was an accommodation note or otherwise, would be a question of law for the court to determine; the testimony of the defendant being contradicted, however, by his admission in the body of the note that it was given for value received, the question whether the evidence on the part of the defendant is true presents a question of fact for the jury, especially where the testimony of the payee is not only in conflict with his admission resulting from his indorsement of the note, but is contradicted and rendered less credible by other statements and admissions made in his testimony.

*Strickland* v. *Henry*, 74 App. Div. 624, reversed.

(Argued May 11, 1903; decided June 9, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 9, 1902, affirming a judgment in favor of defendant entered upon a verdict directed by the court and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John R. Farrar* for appellant. The case was for the jury. (*Eastman* v. *Shaw*, 65 N. Y. 522; *Claflin* v. *Boorum*, 122 N. Y. 385; *McDonald* v. *M. S. Ry. Co.*, 167 N. Y. 69; *Padburg* v. *M. S. Ry. Co.*, 75 N. Y. Supp. 952; *Gildersleeve* v. *Landon*, 73 N. Y. 609; *Volkmar* v. *M. Ry. Co.*, 134 N. Y. 422; *Kennedy* v. *McAllister*, 31 App. Div. 453;

*Wohlfart* v. *Bechert*, 92 N. Y. 490; *Honegger* v. *Wettstein*, 94 N. Y. 252; *Kearney* v. *Mayor, etc.*, 92 N. Y. 617.)

*Charles M. Stafford* for respondent. The case was not one for the jury. (*Whedon* v. *Hogan*, 8 Misc. Rep. 324; 28 N. Y. Supp. 554; *Dowe* v. *Schmit*, 2 Den. 621, 624; *Holmes* v. *Williams*, 10 Paige, 326.) The undisputed evidence established a complete defense to the action. There was no conflicting evidence and nothing proper to be submitted to the jury. (*Lomer* v. *Meeker*, 25 N. Y. 361; *Johasson* v. *Eames*, 21 N. Y. Supp. 717; *Kelly* v. *Burroughs*, 102 N. Y. 95.)

Parker, Ch. J. This action was brought on a promissory note for $175 made by William Henry to the order of Tony Rheims, who thereafter, and before maturity, indorsed it and delivered it to plaintiff, receiving therefor $157.50. The answer set up usury, the claim of defendant and Rheims being that the note had no legal inception prior to its delivery to plaintiff, inasmuch as it had been made by defendant solely for the accommodation of Rheims. If such were the fact the transaction between Rheims and plaintiff amounted in law to a discount of an accommodation note at a greater discount than 6%, for the sale of accommodation paper is treated as a loan of money, the purchaser being the lender and the seller the borrower. (*Eastman* v. *Shaw*, 65 N. Y. 522; *Straus* v. *Tradesmen's Nat. Bank*, 122 N. Y. 379.)

The question before us however is, Under the circumstances disclosed in this record was it for the jury to say whether the note was an accommodation note or was it a question of law for the court? The latter view was taken at the trial court and in the Appellate Division. We are of the opinion that the question was for the jury.

Plaintiff, a livery stable keeper, testified that Rheims called upon him and told him he was about to complete a sale of horses to defendant, who was also in the livery business, and that he would be obliged to take a note. He inquired whether plaintiff would take it from him, to which the latter replied:

" If I have the money at that time to spare I will do it."
Two days later Rheims brought the note, and said he had
come down with the horses and made a sale, and asked plain-
tiff to cash the note, which he did for 10% less than its face.

Defendant testified that Rheims applied for the note for his
accommodation, and it was made and delivered to him to be
used for that purpose ; that he was not indebted to Rheims
and had not purchased any horses of him. There was no
person in a position to contradict this testimony but Rheims,
who agreed with it.

The inquiry is whether defendant's testimony, together with
the other testimony and the circumstances proved, should
have been submitted to the jury.

Of course, if there were no facts or circumstances tending
to contradict defendant's testimony, there would have been no
question for the jury. (*McDonald* v. *Met. St. Ry. Co.*, 167
N. Y. 69, and cases cited.) But defendant *was* contradicted
by an admission of his own in the body of the note that it
was given for value received.

Now, while it was open to defendant to contradict that
statement and to show that as a matter of fact it was without
consideration, the note in the possession of plaintiff raised the
presumption that it was given for a good consideration, and
passed to plaintiff in due course of business. The defendant's
evidence tended to overthrow this presumption. Whether it
was true was — in view of the legal presumption raised by
plaintiff's possession of the note indorsed by the payee, and
the recital therein that defendant had received value for it —
a question of fact to be determined by the jury.

Rheims' testimony accords with that of defendant, but
Rheims' testimony was not only in conflict (1) with the admis-
sion resulting from his indorsement of a note containing a recital
that it was made payable to him for value, (2) with the testi-
mony of plaintiff that Rheims told him it was taken in pay-
ment of the purchase price of horses, and (3) with his statement
during the trial that " when I got this note sued on it was my
property ; " but his credibility was affected by his admission

on cross-examination that he had had prior trouble with promissory notes resulting in his pleading guilty to the crime of an attempt to commit grand larceny in the second degree.

Therefore it was for the jury to determine whether the note was an accommodation note.

The judgment should be reversed, and a new trial granted, with costs to abide the event.

Bartlett, Haight, Martin, Vann, Cullen and Werner, JJ., concur.

Judgment reversed, etc.