### SABINE v. PAINE.

(Supreme Court, Appellate Division, Second Department. January 12, 1912.)

1. USURY (§ 25*)—USURY BY TRANSFEREE.
    If a note was not usurious as between the maker and payee, the amount which a subsequent transferee paid for it could not make it usurious.
    [Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 55, 56; Dec. Dig. § 25.*]

2. BILLS AND NOTES (§ 376*)—USURY—EFFECT OF TRANSFER.
    A note usurious in its inception was not validated by its subsequent transfer before maturity. ·
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 982–984; Dec. Dig. § 376.*]

3. USURY (§ 119*)—ACTIONS—JURY QUESTION.
    Whether the promissory note sued on was usurious held a jury question.
    [Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 343–357; Dec. Dig. § 119.*]

4. BILLS AND NOTES (§ 493*)—USURY (§ 113*)—ACTIONS—PRESUMPTIONS.
    The presumption is that a negotiable promissory note was for a good consideration and was not usurious, especially where it recited that it was for value received.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1652–1662; Dec. Dig. § 493;* Usury, Cent. Dig. §§ 308–323; Dec. Dig. § 113.*]

5. TRIAL (§ 142*)—DIRECTION OF VERDICT.
    The case should not be taken from the jury except where only one inference can be drawn from the evidence.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 337; Dec. Dig. § 142.*]

Appeal from Trial Term, Suffolk County.

Action by C. Olivia Sabine against Maggie S. Paine and another. From a judgment for defendant named and an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

See, also, 131 N. Y. Supp. 1142.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John B. Sabine and Edward Cahn, for appellant.
George .W.. Glaze, for respondent.

RICH, J.   This appeal is from a judgment dismissing plaintiff's complaint on the merits, upon direction of a verdict in an action upon a promissory note for $2,100, which was transferred to the plaintiff by the payee named therein for $1,850.

It appears that the defendant, the maker of the note, desiring to borrow $1,600, was advised by her attorney that the plaintiff would loan the money, but would require a bonus of $500. Accordingly, the note in suit was made to include the bonus, and payable to the order of Vacheron, her attorney, who indorsed and transferred the same before maturity to plaintiff. The respondent testified that she never received any part of the proceeds of the note, and the learned trial justice before whom the action was tried held as matter of law that the note was void at its inception.

[1, 2] If there was a valid consideration between the maker and payee, it is of no consequence what the plaintiff paid for it (Eastman v. Shaw, 65 N. Y. 522, 526); but, if its inception was tainted by usury, the subsequent transfer before maturity did not validate it.

[3]·The respondent testified that she informed Vacheron, her attorney, that she wanted the money to pay debts amounting to about the sum of $1,400; that he at one time had moneys belonging to her, in his individual account; and that:

"He sometimes paid what was due from me to others by check. * * * Mr. Vacheron did not hand over to me that $1,850 or put it into my hands. I wouldn't swear and I don't know whether he applied it in payment and satisfaction of my obligations."

[4, 5] The evidence of the respondent as to whether there was a valid consideration for this note is not entirely clear. The presumption is that it was for a good consideration, and it ought to have been left to the jury to determine whether the presumption has been overcome. It is only when·but one inference can be drawn from the evidence that the court is justified in taking the case from the jury. Besides this, the note contains the admission that it was given for value received.

In Strickland v. Henry, 175 N. Y. 372, 67 N. E. 611, speaking of such an admission, Chief Judge Parker said:

"Now, while it was open to defendant to contradict that statement and to show that as a matter of fact it was without consideration, the note in the possession of plaintiff raised the presumption that it was given for a good consideration, and passed to plaintiff in due course of business. The defendant's evidence tended to overthrow this presumption. Whether it was true was—in view of the legal presumption raised by plaintiff's possession of the note indorsed by the payee, and the recital therein that defendant had received value for it—a question of fact to be determined by the jury."

It follows that the action of trial court in taking the case from the consideration of the jury was mistaken, and that the judgment and order must be reversed, and a new trial granted; costs to abide the event. All concur.