PAUL HERRING and Others, Appellants, v. PIERRE MALI and HENRY LORILLARD CAMMANN, Respondents.

First Department, April 5, 1917.

Guaranty and suretyship — action on guaranty for payment of goods — continuing guaranty — evidence.

Where, in an action on a guaranty to recover an unpaid balance for goods purchased by the plaintiffs and sold to third parties at the request of the defendants, it appears that the written guaranty executed by the defendants to pay for said goods if the third parties should not pay, is ambiguous with respect to whether it was intended as a continuing guaranty or only as a guaranty for the first shipment, and the plaintiffs claim that it was executed pursuant to negotiations by which they were led to believe that it was to be a continuing guaranty, and it is susceptible of that construction, and the evidence as to such negotiations is controverted in part by the defendants, the case should be submitted to the jury on such controverted evidence with respect to the negotiations preceding the execution of the guaranty.

Since the guaranty was drawn by the defendants, if the parol negotiations preceding its execution were as claimed by the plaintiffs, they were justified in relying upon it as a continuing guaranty for the payment of any goods sold to the third parties.

SCOTT, J., dissented.

APPEAL by the plaintiffs, Paul Herring and others, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 6th day of April, 1916, upon a dismissal of the complaint by direction of the court during the presentation of defendants' case, and also from an order entered in said clerk's office on the 2d day of May, 1916, denying plaintiffs' motion for a new trial made upon the minutes.

*Wales F. Severance,* for the appellants.

*Max D. Steuer* [*Sidney J. Loeb* with him on the brief], for the respondents.

LAUGHLIN, J.:

The plaintiffs were copartners under the firm name of Herring Brothers, engaged in buying and selling woolen goods, and the defendants were copartners in like business under the firm name of Henry W. T. Mali & Co. Cunningham Bros. Woolen Company was engaged in business in St. Louis, Mo., and was a customer of the defendants, but was unknown to the plaintiffs.

The evidence shows that the defendants were desirous of purchasing goods from the American Woolen Company for Cunningham Bros. Woolen Company, their customer; but were unable to obtain them owing to the fact that the American Woolen Company was unwilling to sell goods to be delivered to Cunningham Bros. Woolen Company. According to testimony introduced in behalf of plaintiffs, the defendants thereupon opened negotiations with the plaintiffs with a view to inducing the plaintiffs to purchase goods from the American Woolen Company for their customer, Cunningham Bros. Woolen Company, and induced the plaintiffs to agree to purchase goods from the American Woolen Company and to sell the same to Cunningham Bros. Woolen Company at a profit of three and one-half per cent on the representation that the plaintiffs would be thereby enabled to do "a large business on a small profit for a number of years," and that they would bring Cunningham, of the firm of Cunningham Bros. Woolen Company, to the plaintiffs' place of business "and have him select what-

First Department, April, 1917. [Vol. 177.

ever he wants" and that they would "guarantee anything' he buys." It was evidently understood that the defendants would execute and deliver to plaintiffs' a written guaranty. Subsequently they introduced Cunningham to the plaintiffs, and he made a selection of goods which the plaintiffs undertook to purchase for his company from the American Woolen Company. . One Coolidge, the credit clerk of the defendants, who, in the presence of one of the defendants, negotiated this arrangement with the plaintiffs' representative, had evidently promised to send the plaintiffs a written guaranty; and before shipping any of the goods to Cunningham Bros. Woolen Company one of the plaintiffs called at the defendants' place of business and inquired of one of the defendants for Mr. Coolidge, who was absent, and stated that Coolidge had promised to send the plaintiffs "the guaranty for the Cunningham matter;" and was informed by the defendant with whom he had the conversation that Coolidge had the matter in charge and would take care of it.

Thereafter and on the 10th day of June, 1905, the plaintiffs, evidently relying on receiving the guaranty, made a first shipment of merchandise to Cunningham Bros. Woolen Company. On the 15th day of June, 1905, the plaintiffs received from the defendants a letter as follows:

"HENRY W. T. MALI & Co.,
"83-85 Worth Street,
"P. O. Box 391.         NEW YORK, *June* 14, 1905.
"Mess. HERRING BROTHERS,
"269 Canal Street,
"N. Y. City:
"DEAR SIRS.— We beg to say that we consider you are perfectly safe in shipping any goods ordered by the Cunningham Brothers Woolen Company of St. Louis. In the event that they should not pay, we shall.
"Yours truly,
"HENRY W. T. MALI & CO.,
"P. COOLIDGE."

The plaintiffs continued to purchase from the American Woolen Company and to sell to Cunningham Bros. Woolen

Company, and prior to the 21st day of October, 1910, they had thus sold to Cunningham Bros. Woolen Company merchandise of the value of $43,849.93, upon which there was a balance unpaid of $4,724.19, all of which became due and owing by February 21, 1911.

In December, 1910, on the petition of the defendants and other creditors of Cunningham Bros. Woolen Company that company was adjudicated a bankrupt. The plaintiffs proved their claim in bankruptcy against Cunningham Bros. Woolen Company for the balance owing to them, and received a dividend thereon of thirty-three per cent. This action was brought on the guaranty to recover the unpaid balance.

The complaint was dismissed on the theory that the guaranty covered the first sale of goods only. The evidence to the effect stated, offered in behalf of the plaintiffs with respect to the negotiations preceding the execution of the guaranty, was in part controverted by the defendants. We are of the opinion that the written guaranty was ambiguous with respect to whether it was intended as a continuing guaranty or only intended as a guaranty for the first shipment of goods. If, as claimed by the plaintiffs, it was executed pursuant to negotiations by which they were led to believe that it was to be a continuing guaranty, it is susceptible of that construction. The case, therefore, should have been submitted to the jury on the controverted evidence with respect to the negotiations preceding the execution of the guaranty, and with instructions to the effect that if those negotiations were as shown by the testimony adduced in behalf of the plaintiffs, then the guaranty should be deemed to be a continuing guaranty; and that if not, it should be deemed limited to the first shipment of goods. There is no evidence that the guaranty was revoked, and inasmuch as it was drawn by the defendants, if the parol negotiations preceding the execution of the guaranty were as claimed by the plaintiffs, they were justified in relying upon it as a continuing guaranty for the payment of any goods they sold to Cunningham Bros. Woolen Company, relying thereon, while it remained unrevoked. (See *Schinasi* v. *Lane*, 118 App. Div. 76; affd., 191 N. Y. 545; *Smith* v. *Molleson*, 148 id. 241; *Hirsch* v. *Jones*, 191 id. 195; *Sabine* v. *Paine*, 148 App. Div. 730;

*First Nat. Bank* v. *Dana*, 79 N. Y. 108; *Lamb* v. *Norcross Brothers Co.*, 208 id. 427. See, also, *Nellis* v. *Western Life Indemnity Co.*, 207 N. Y. 320.)

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellants to abide the event.

CLARKE, P. J., SMITH and SHEARN, JJ., concurred; SCOTT, J., dissented.

Judgment and order reversed, new trial ordered, costs to appellants to abide event.