CATHERINE PERINE, Appellant, *v.* ELMIRA, CORNING AND WAVERLY RAILWAY, Respondent.

Third Department, November 13, 1918.

Principal and agent — action to recover for board, lodging and services furnished by plaintiff at the request and on the promise of defendant to pay — evidence as to authority of defendant's agents to make contract.

In an action to recover for board, lodging and services furnished by the plaintiff to a certain woman at the request of the defendant and on its promise to pay therefor, it appeared that said woman was a passenger on a car of the defendant which was wrecked and was taken in an injured

condition to the home of the plaintiff where she remained nearly two weeks; that one G., who represented himself as a claim agent of the defendant, called on the plaintiff and requested her to furnish the board, lodging and services in question and promised that the defendant would pay therefor. When G. made the contract he told the plaintiff that when said woman was able to go home the plaintiff should telephone E. at the defendant's office and that it would send an automobile. The plaintiff complied with this direction and it appeared that E. had knowledge of the arrangement made by G. Neither G. nor E. had any personal interest - in the woman cared for by the plaintiff. There was evidence that G. had attempted a settlement with said woman and had paid money in settlement of claims of others. The defendant introduced no evidence.

*Held*, that the evidence by the plaintiff was sufficient to put the defendant to its proof.

In establishing agency the nature and character of the act relied upon may be of great significance.

The relation of G. to the defendant and his authority to represent it .were matters peculiarly within its own knowledge and, therefore, slight evidence only on the part of the plaintiff was necessary to cast on it the burden of an explanation.

H. T. KELLOGG, J., dissented.

APPEAL by the plaintiff, Catherine Perine, from a judgment and order of the County Court of Chemung county, entered in the office of the clerk of said county on the 26th day of June, 1918, reversing a judgment of the Elmira City Court in plaintiff's favor and ordering a new trial.

*Babcock & Gregg* [*William W. Gregg* of counsel], for the appellant.

*Stanchfield, Lovell, Falck & Sayles* [*Philip E. Lonergan* of counsel], for the respondent.

COCHRANE, J.:

This is an action to recover for board, lodging and services furnished by the plaintiff to one Mrs. Lewis, at the request of the defendant and on its promise to pay therefor. Mrs. Lewis was a passenger in a car of the defendant which was wrecked and was taken in an injured condition to the home of the plaintiff where she remained nearly two weeks. One Galintine, who represented himself as a claim agent of the defendant, called on the plaintiff and requested her to furnish the board, lodging and services in question and promised that the defendant would pay therefor. The question on this

Third Department, November, 1918.                    [Vol. 184.

appeal is whether his contract with the plaintiff was authorized by the defendant. When he made the contract he told the plaintiff that when Mrs. Lewis was able to go home the plaintiff should telephone Mr. Empy at the defendant's office and that the defendant would send an automobile to remove her to her home which was in a distant city. The plaintiff complied with this direction and it appeared that Mr. Empy was cognizant of the arrangement made by Galintine. The specific relationship of Mr. Empy to the defendant does not appear, but the communication with him was had by telephoning to the defendant's office and he manifestly had some relation with the defendant. In establishing agency the nature and character of the act relied on may be of great significance. Neither Galintine nor Empy so far as the evidence discloses had any personal interest in Mrs. Lewis and the natural inference is that they were representing someone and the further inference is logical that the party thus represented was the defendant, the only party interested in compensating Mrs. Lewis for injuries received by her while a passenger on one of its cars. To the extent of the transportation of Mrs. Lewis to her home in Corning from the home of the plaintiff in Elmira, the defendant recognized and ratified the arrangement of Galintine. At least that is a fair inference from the evidence, and the arrangement for transportation was but supplementary to the arrangement with the plaintiff for the claim which is the basis of this action. The foregoing observations find further emphasis in the testimony of a witness who was injured in the same accident and who testified that Galintine paid her money in settlement of her claim and took from her a release to the defendant. Galintine had no personal interest in so doing. Manifestly he was not paying his own money in settlement of the defendant's liability. The defendant is the only party under the evidence presented liable for damages. In many cases where agency is sought to be established the alleged agent might have a personal interest in the subject of the transaction, and the difficulty is to determine whether it is his personal transaction or whether he is representing some other party claimed to be his principal. Here in the very nature of things Galintine was not acting for himself. Who was he acting for if not for the defendant? Furthermore Galintine

attempted a settlement with Mrs. Lewis after her return to her home, and she testified that she knew of others whom he had paid in settlement of claims, and this testimony comes to us unchallenged in the record. The defendant introduced no evidence. This was a circumstance which might be taken into consideration. The relation of Galintine to itself and his authority to represent it were matters peculiarly within its own knowledge and, therefore, slight evidence only on the part of plaintiff was necessary to cast on it. the burden of an explanation. (*Mullen* v. *Quinlan & Co.*, 195 N. Y. 109, 114; *Nutting* v. *Kings County Elevated R. Co.*, 21 App. Div. 72, 77 ; *Dowling* v. *Hastings*, 211 N.ŞY. 199, 202.) We think the city judge was right in holding that sufficient appeared in the evidence to put the defendant to its proof and that a reversal of the judgment of the City Court was wrong.

The judgment and order of the County Court should be reversed, and the judgment of the City Court affirmed, with costs.

All concurred, except H. T. KELLOGG, J., dissenting.

Judgment and order of the County Court reversed, and judgment of the City Court affirmed, with costs.