CHARLES L. GREENHALL, as Trustee in Bankruptcy of EDWARD G. DANN CORPORATION, Appellant, *v.* EUGENE DAVIS, Respondent.

First Department, February 6, 1920.

**Bills and notes — action on promissory note — defense that note was given without consideration and for accommodation — presumption of consideration — evidence — trial — erroneous direction of verdict.**

Where, in an action on a promissory note, the defense that it was given without consideration and for the accommodation of the payee was supported solely by the testimony of the defendant and one of his employees, it was error for the court to direct a verdict for the defendant, as the credibility of the witnesses was for the jury and the evidence did not destroy the presumption of consideration arising from the possession of the note by the plaintiff and the statement on the face thereof that it was given for value.

PHILBIN, J., dissents.

APPEAL by the plaintiff, Charles L. Greenhall, as trustee, etc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 28th day of November, 1917, upon the verdict of a jury rendered by direction of the court at the close of

the case, and also from an order entered in said clerk's office on the 4th day of December, 1917, denying plaintiff's motion for a new trial made upon the minutes.

*David W. Kahn* of counsel [*Rosenberg & Ball,* attorneys], for the appellant.

*Charles Capron Marsh* of counsel [*Frederick Hallock Stokes* with him on the brief; *Marsh & Wever,* attorneys], for the respondent.

CLARKE, P. J.:

Plaintiff as the trustee in bankruptcy of the Edward G. Dann Corporation brought this suit against the defendant to recover upon a promissory note which is as follows:

" $3500.00                    NEW YORK, *Mch.* 2, 1916.
" Three months after date I promise to pay to the order of Edward G. Dann Corporation Three Thousand Five Hundred Dollars at Coal & Iron National Bank — N. Y. City.   Value received.             " EUGENE DAVIS."

Bearing the indorsement:
                " EDWARD G. DANN CORPORATION,
                    " EDWARD G. DANN,
                          " *President.*"

The complaint alleges presentation of the note at maturity, the appointment of the plaintiff as trustee in bankruptcy proceedings; that the said promissory note was among the assets coming into plaintiff's possession as trustee in bankruptcy, due demand and non-payment.

Upon the trial the defendant withdrew the denials in his answer and stood upon his affirmative defense of failure of consideration.   At the close of the evidence the learned trial court directed a verdict in favor of the defendant, to which an exception was duly taken.   In my opinion a question of fact was presented which should have been submitted to the jury and it was error to direct a verdict.

The defense was that the note had been executed and delivered without consideration and solely for the accommo-

dation of the Dann Corporation, and "To furnish credit to the said corporation with parties from whom it intended to purchase merchandise in the contemplated purchase of such merchandise and to facilitate such purchase by the said corporation, and upon the promise and agreement on the part of said corporation that it would use said note solely to establish such credit and in connection with such contemplated purchases by it."

After the defendant had given his testimony, in accordance with the claim set up in his answer the plaintiff attempted to prove that in fact the note was given pursuant to an arrangement made with the Dann Corporation by one Peckner, an agent for the defendant, whereunder Peckner was to give up seventy shares of stock of the Dann Corporation owned by him, and the said shares were to be sold to the defendant, he paying therefor with the $3,500 note in suit. The learned trial judge held that there was not sufficient evidence to prove agency in Peckner, and for that reason refused to permit Dann, the plaintiff's witness, to testify as to his conversations with Peckner with relation to the execution and delivery of the $3,500 note to the corporation.

The cross-examination of the defendant's witnesses disclosed an unwillingness to answer questions directly, failure of memory, and generally an attitude which would not warrant entire confidence. Bearing in mind that the burden was upon the defendant to affirmatively establish his defense of failure of consideration I am of the opinion that his evidence did not so destroy the presumption arising from the possession of the note by the plaintiff and its statement upon the face thereof that it was for value, as to justify the direction of a verdict for him as a conclusion of law.

In *Strickland* v. *Henry* (175 N. Y. 372; motion for reargument denied, Id. 524) the Court of Appeals in a unanimous decision said: "Of course, if there were no facts or circumstances tending to contradict defendant's testimony, there would have been no question for the jury (*McDonald* v. *Met. St. Ry. Co.*, 167 N. Y. 69, and cases cited). But defendant *was* contradicted by an admission of his own in the body of the note that it was given for value received. Now, while it was open to defendant to contradict that statement and to

show that as a matter of fact it was without consideration, the note in the possession of plaintiff raised the presumption that it was given for a good consideration, and passed to plaintiff in due course of business. The defendant's evidence tended to overthrow this presumption. Whether it was true was — in view of the legal presumption raised by the plaintiff's possession of the note endorsed by the payee, and the recital therein that defendant had received value for it — a question of fact to be determined by the jury."

In *Sabine* v. *Paine* (148 App. Div. 730), an action brought by the indorsee of a note against the maker, the defense was that the note was void in its inception because tainted with usury. The maker of the note testified as to the usury and there was no testimony offered in contradiction. The trial court directed judgment for the defendant but on appeal to the Appellate Division, Second Department, it was unanimously reversed.

" It follows that the action of the trial court in taking the case from the consideration of the jury was mistaken, and that the judgment and order must be reversed and a new trial granted, costs to abide the event."

" The evidence of the respondent as to whether there was a valid consideration for this note is not entirely clear. The presumption is that it was for a good consideration, and it ought to have been left to the jury to determine whether the presumption has been overcome. It is only when but one inference can be drawn from the evidence that the court is justified in taking the case from the jury. Besides this, the note contains the admission that it was given for value received."

It is claimed that *Strickland* v. *Henry* (*supra*) has been overruled by *Kramer* v. *Kramer* (181 N. Y. 477). That case does not in terms overrule the *Strickland* case nor do I think it does in effect. In the prevailing opinion it was said: " There was but one witness sworn at the trial who gave any evidence concerning the consideration of the note, and that was the defendant himself. His deposition was taken before trial and was used at the trial by both parties, and all we know about the consideration we know from him. There does not appear to be any dispute, however, about the origin and con-

sideration of the note." Two of the learned judges of the Court of Appeals concurred in the result only, while Judge GRAY wrote a strong dissent concurred in by Judges BARTLETT and HAIGHT. It would seem, therefore, that *Kramer* v. *Kramer* as an authority should be limited to the facts under consideration therein.

That *Strickland* v. *Henry* still has virility is illustrated by its citation as late as November 18, 1919, in the opinion by Judge CARDOZO in *Dougherty* v. *Salt* (227 N. Y. 200), where the court said: " The inference of consideration to be drawn from the form of the note has been so overcome and rebutted as to leave no question for a jury. This is not a case where witnesses summoned by the defendant and friendly to the defendant's cause, supply the testimony in disproof of value (*Strickland* v. *Henry*, 175 N. Y. 372). This is a case where the testimony in disproof of value comes from the plaintiff's own witness, speaking at the plaintiff's instance. The transaction thus revealed admits of one interpretation, and one only."

The evidence for the defense was given by the defendant, of course an interested witness, and by an employee of his. The credibility of both was for the jury. Whatever power the court might have had over a verdict it seems to me that it was its duty to submit the question to the jury.

The judgment appealed from should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

LAUGHLIN, SMITH and MERRELL, JJ., concur; PHILBIN, J., dissents.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.