## FOURTH DEPARTMENT, JULY, 1924.

WILLIAM B. MACDONALD, Respondent, v. HAMILTON B. WILLS & COMPANY, LTD., Appellant.

Appeal from a judgment of the Supreme Court in favor of the plaintiff, entered in the Erie county clerk's office on December 31, 1923, upon the verdict of a jury, and also from an order entered on January 3, 1924, denying the defendant's motion for a new trial made upon the minutes.

PER CURIAM: Whether there was a statutory presumption, applicable to a civil case, arising out of failure to comply with the demand under section 392 of the Penal Law, or whether the burden of going forward with the evidence was otherwise cast on the defendant seems immaterial. If that burden did not rest on defendant under section 392, it did so rest under the broader rule that very slight evidence produced by the plaintiff will cast that burden upon defendant. (*Perine* v. *Elmira, Corning & Waverly Railway*, 184 App. Div. 814; *Mullen* v. *Quinlan & Co.*, 195 N. Y. 109; *Prout* v. *Chisolm*, 89 Hun, 108, 112.) Such evidence exists here by inferences to be drawn from defendant's failure to comply with section 957 of the Penal Law and from the testimony of plaintiff as to occasions when he wished to take up stocks and was put off by conflicting stories. Whether the evidence of defendant successfully met that burden was, under the facts here, a question for the jury. (*Greenhall* v. *Davis*, 190 App. Div. 632; *Powers* v. *Wilson*, 203 id. 232, 235.) Moreover, we think that in view of Exhibits 10 and 12 and the failure of defendant to put in evidence the contract between itself and Wills, there was enough to show that the promise of defendant to assume the liabilities of Wills was made for the benefit of plaintiff among others. As the new company was to " own the entire assets " of Wills, presumably that portion of the assets which had been derived from the plaintiff was turned over to the corporation. The judgment and order should be affirmed, with costs. All concur, except Sears, J., who dissents and votes for reversal; Hubbs, P. J., not sitting. Judgment and order affirmed, with costs.

ARTHUR M. STAPPENBECK, Respondent, v. JOHN C. FULMER and Others, Appellants.— Interlocutory judgment affirmed, with costs. All concur.

In the Matter of the Probate of the Last Will and Testament of WILLIAM H. REESE, Deceased.— Decree and order reversed on the law and facts and new trial granted, with costs to appellant to abide event, payable out of the estate, on the ground that the verdict is against the weight of evidence on the question of testamentary capacity and that there was error in the charge. (See *Dolan* v. *D. & H. Canal Co.*, 71 N. Y. 285; *Kellegher* v. *Forty-second Street, etc., R. R. Co.*, 171 id. 309; *Johnston* v. *N. Y. City R. Co.*, 120 App. Div. 456; *Goldstein* v. *Werbelovsky*, 141 id. 136.) All concur, except Davis, J., who dissents; Hubbs, P. J., not sitting.

In the Matter of Proving the Alleged Last Will and Testament of RUBY L. CARPENTER, Deceased.— Decree and order affirmed, with costs payable out of the estate. All concur; Hubbs, P. J., not sitting.

QUEEN CITY FOUNDRY COMPANY, Appellant, v. BUFFALO PITTS COMPANY, Respondent.— Judgment and order affirmed, with costs. All concur; Hubbs, P. J., not sitting.