(65 Misc. Rep. 190.)

### LURCH v. BROWN et al.

(Supreme Court, Appellate Term.   November 30, 1909.)

1. INNKEEPERS (§ 13*)—OWNERSHIP OF PROPERTY IN GUEST'S POSSESSION—NOTICE.

Evidence *held* to show that, at the time of delivery of a piano to a guest in a hotel, notice was given to the proprietor's servant, whose duty it was to receive deliveries for guests, that the piano did not belong to the guest, but was rented to him.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. § 42; Dec. Dig. § 13.*]

2. INNKEEPERS (§ 13*)—LIENS—PROPERTY IN GUEST'S POSSESSION BELONGING TO ANOTHER.

Such notice having been given, the proprietor had no innkeeper's lien on the piano, under Lien Law (Laws 1909, p. 17, c. 38 [Consol. Laws, c. 33]) § 181, providing that an innkeeper shall have a lien upon the goods brought into his premises by a guest; but, if the innkeeper knew that the property was not, when brought, legally in possession of the guest, a lien does not thereon exist.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. § 42; Dec. Dig. § 13.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Charles Lurch against Winnie S. Brown and another.

From a Municipal Court judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Henry A. Heiser, for appellant.
Reno R. Billington, for respondent Blake.

LEHMAN, J. The Lien Law (Laws 1909, p. 17, c. 38 [Consol. Laws, c. 33]) § 181, provides that an innkeeper shall have a lien upon the goods brought into his premises by a guest; but it also provides:

"If the keeper of such hotel, inn, boarding or lodging house knew that the property brought upon his premises was not, when brought, legally in possession of such guest, boarder or lodger, a lien thereon does not exist."

In this case the plaintiff, a piano manufacturer, rented a piano to a guest at the hotel of the defendant Blake. The plaintiff's truckman testifies that he delivered the piano at the hotel to a man behind the desk, who gave him directions as to where the piano was to be delivered, and he handed the man a notice that the piano belonged to the plaintiff and was rented to the guest. The plaintiff's bill collector testifies that he went to the hotel the next day and told the defendant's manager that he was looking for the guest to collect the month's rent for the piano. The defendant then testified that he never received the notice or knew of its existence; that he had a manager in charge of the hotel, who is in his room or around the building most of the time. The manager then testified that he knew nothing at the time about moving a piano into the guest's apartment, and that no communication was ever served upon him in regard to the piano; that he is in his room a good deal; that in the corridor of the hotel there is a staircase of marble, forming some kind of a telephone booth; and that there is always an operator there, who receives parcels and mail for the guests, and who might or might not call him when a piano is brought in, but who did not call him in this case. The manager says that he himself knows nothing about the delivery of the piano, and the operator or clerk was not called, nor was his absence explained.

The case, therefore, presents absolutely no conflict of testimony. It appears that at the time of the delivery of the piano a notice was given to the defendant's servant whose duty it was to receive deliveries for the guests. While neither the proprietor nor the manager received this notice personally, yet since, at the very time when the property was brought upon the premises, notice that it did not belong to the guest was served upon the person whose duty it was to receive the property, the hotel keeper never obtained a lien.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.