### KLAR et al. v. KOSTIUK et al.

(Supreme Court, Appellate Term. November 30, 1909.)

1. BILLS AND NOTES (§ 376*)—BONA FIDE HOLDERS—USURY.

    Under Negotiable Instruments Law (Laws 1897, p. 732, c. 612), § 96, providing that a holder in due course holds the instrument free from any defect of title of prior parties and from defenses available to prior parties among themselves, and may enforce payment against all parties liable thereon, the defense of usury cannot be urged against a bona fide holder of a note.

    [Ed. Note.—For other cases, see Bills and.Notes, Cent. Dig. §§ 982–984; Dec. Dig. § 376.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BILLS AND NOTES (§ 376*)—USURY—DEFENSE BY INDORSER.
  Under Negotiable Instruments Law (Laws 1897, p. 734, c. 612) § 116, providing that every indorser without qualification warrants to all subsequent holders in due course that the instrument is at the time of its indorsement valid and subsisting, an indorser cannot plead usury against the holder of a note in due course.

  [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 982–984; Dec. Dig. § 376.*]

  Lehman, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Barnet Klar and another against Goodman Kostiuk and others. Judgment for plaintiffs, and defendants Goodman Kostiuk and Morris Kostiuk appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Einstein, Townsend & Guiterman (M. S. Guiterman, of counsel), for appellants.

Morrison & Schiff (Jacob R. Schiff, of counsel), for respondents.

GILDERSLEEVE, P. J. This action is brought on a promissory note for the sum of $1,500, payable in six months, with interest, made by the defendant Goodman Kostiuk to the .order of the defendant Kamber, and indorsed by the said Kamber and the defendants Samuel Kamlet and Morris Kostiuk.

The action was defended by Goodman Kostiuk, the maker, and Morris Kostiuk, an indorser. These defendants answered jointly, and set up the defense of usury. A usurious agreement is alleged between Goodman Kostiuk and the defendant Samuel Kamlet, whereby $150 was paid by the borrower and received by the lender as interest on the loan in addition to the regular interest. A trial was had before a court and jury. The jury rendered a verdict for the amount claimed. From the judgment entered thereon against said defendants Goodman Kostiuk and Morris Kostiuk and the order denying their motion for a new trial, the appeal herein is taken.

The defendants offered ample evidence, if believed by the jury, to support findings that the plaintiffs were holders in due course, and that there was usurious interest taken at the inception of the note. The learned trial justice charged the jury that, if the plaintiffs were holders in due course, the defense of usury was not available against them. To this instruction the appellants duly excepted, and they now claim it constitutes error that requires a reversal of the judgment. No other question is involved in the appeal.

Until the enactment of section 96 of the Negotiable Instruments. Law (Laws 1897, p. 732, c. 612) in respect to notes having a usurious inception, and the decisions in Schlesinger v. Gilhooly, 189 N. Y. 1, 81 N. E. 619, Same v. Lehmaier, 191 N. Y. 69, 83 N. E. 657, 16 L. R. A. (N. S.) 626, 123 Am. St. Rep. 591, and Same v. Kelly, 114 App. Div. 546, 99 N. Y. Supp. 1083, there was no uncertainty about the law in this state in respect to notes usuriously given. It was plainly declared in Claflin v. Boorum, 122 N. Y. 385, 25 N. E. 360.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

The court said:

"A note void in its inception for usury continues void forever, whatever its subsequent history may be."

Section 96 of the Negotiable Instruments Law provides, as follows:

"A holder in due course holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

We think it was the purpose of the Legislature in enacting this provision to make a radical change in the law of this state affecting negotiable paper, and that the law now is that a bona fide holder in due course holds the note free from any taint of usury. The Schlesinger Cases, supra, unmistakably and specifically declare the law to be that a bank acquiring in good faith for value commercial paper void between the parties for usury may recover thereon. We see no reason why the provision under consideration does not apply to, and may be invoked by, individuals as well as banks. In Wirt v. Stubblefield, 17 App. D. C. 283, the court, in construing the same provision enacted by Congress for the District of Columbia as the negotiable instruments law, took the view that we have adopted, and made no distinction between individuals and banks.

We think Mr. Justice Laughlin in Schlesinger v. Kelly, supra, correctly stated the law of this state, when he said:

"The usury laws remain in full force, but to facilitate the free circulation of negotiable paper by protecting holders thereof in due course for value in their right to enforce the same the usury laws are to that extent superseded by the provisions of section 96 of the negotiable instruments law."

We see that the alleged error in the judge's charge affords no ground for reversal in behalf of the appellant the maker of the note. An indorser cannot successfully raise the defense of usury against a holder in due course, section 116 of the negotiable instruments law provides:

"Every indorser who indorses without qualification warrants to all subsequent holders in due course that the instrument is at the time of its indorsement valid and subsisting."

See Horowitz v. Wollowitz, 59 Misc. Rep. 520, 110 N. Y. Supp. 972, and cases there cited. The charge in question was certainly correct as to the indorser.

The judgment and order should be affirmed, with costs to the respondent.

SEABURY, J. (concurring). I concur in the opinion of Mr. Justice GILDERSLEEVE in so far as that opinion holds that the enactment of section 96 of the negotiable instruments law changed the existing law, and that under the provisions of the negotiable instruments law the defense of usury cannot be set up against a bona fide holder. I think that the correct interpretation of that law was first given by Mr. Justice Laughlin in Schlesinger v. Kelly, 114 App. Div. 546, 99 N. Y. Supp. 1083. It seems to me that Schlesinger v. Gilhooly, 189 N. Y. 1, 81 N. E. 619, left this question undetermined, and that we

are now at liberty to adopt the views expressed by Mr. Justice Laughlin in the Kelly Case and by Judge Willard Bartlett in Schlesinger v. Gilhooly, supra.

The judgment and order should be affirmed.

LEHMAN, J. (dissenting). Before the negotiable instruments law was passed, the law of this state was clear that a note void for usury in its inception was void forever, and could not be enforced even by a purchaser in good faith and for a valuable consideration. While the term "holder for value" or "holder in due course" has been applied to such a person in the cases, I do not think that this term is technically correct, because the instrument never having come into existence, had no negotiable character, and a purchaser could never be a "holder in due course." See Eastman v. Shaw, 65 N. Y. 522. On the other hand, if a note had a valid inception, no defense by which the liability of any party thereon could be avoided could be raised against a bona fide holder.

I believe that section 96 of the negotiable instruments law was intended simply to put into the form of a statute the law of negotiable instruments as established by commercial custom and as declared by the courts. In the Schlesinger Cases, 189 N. Y. 1, 81 N. E. 619; 191 N. Y. 69, 83 N. E. 657, 16 L. R. A. (N. S.) 626, 123 Am. St. Rep. 591, the Court of Appeals considered the question of whether the defense of usury could be raised against a bank which was a bona fide holder for value of commercial paper void as between the parties for usury. The bank's right to recover was sought to be upheld on two separate grounds, the banking laws, state and national, and the negotiable instruments law. The judges held that the recovery could not be sustained on either ground. Three judges held that a recovery could be upheld under the banking laws, and one judge held that it could not be upheld under the banking laws, but could be upheld under the negotiable instruments law. Opinion of Cullen, C. J., in Schlesinger v. Lehmaier, 191 N. Y. 69, 73, 76, 83 N. E. 657, 16 L. R. A. (N. S.) 626, 123 Am. St. Rep. 591.

I do not therefore consider that these cases can be deemed authorities upon the question here considered.

The judgment should be reversed.