CRUSINS v. SIEGMAN et al.

(Supreme Court, Special Term, New York County. June, 1913.)

1. BILLS AND NOTES (§ 376*)—BONA FIDE PURCHASERS—EFFECT OF USURY.
　　Where a note is void for usury under General Business Law (Consol. Laws 1909, c. 20) § 373, providing that all notes and bills shall be void where a higher rate of interest is reserved than is allowed, a purchaser for value and without notice cannot, under Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 96, providing that a holder in due course holds the instrument free from any defect of title of prior parties, enforce the note.
　　[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 952; Dec. Dig. § 376.*]

2. USURY (§ 94*)—EQUITABLE RELIEF.
　　While General Business Law (Consol. Laws 1909, c. 20) § 373, providing that, whenever it shall appear that any bill or note is usurious, the court shall declare the same to be void and enjoin prosecution thereon, does not authorize the maintenance of an action merely to have a past-due note adjudged void on the ground of usury because the maker has a perfect defense, yet, where an action is pending on one void note, the maker is entitled to an injunction to prevent the enforcement of it and a whole series of usurious instruments held by a bona fide purchaser.
　　[Ed. Note.—For other cases, see Usury, Cent. Dig. § 195; Dec. Dig. § 94.*]

Action by Henry N. Crusins against Arthur Siegman and another. On motion for an injunction pendente lite. Motion granted.

Herman J. Rubenstein, of New York City, for the motion.
Herman B. Goodstein, of New York City, opposed.

GIEGERICH, J. The action is to have certain promissory notes adjudged void and to have them surrendered to the plaintiff, together with certain jewelry pledged as security for their payment, and also to restrain one of the defendants from prosecuting an action commenced upon one of the notes in the City Court of the City of New York.

[1] The present application is for an injunction restraining the defendants pendente lite from selling or otherwise disposing of the jewelry, and also restraining the prosecution of the action in the City Court. The ground of the action is that the notes were given upon

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a usurious consideration, and the relief demanded is that prescribed by section 373 of the General Business Law (Consol. Laws 1909, c. 20) and which, so far as applicable, reads as follows:

"Whenever it shall satisfactorily appear by the admissions of the defendant, or by proof, that any bond, bill, note, assurance, pledge, conveyance, contract, security or any evidence of debt has been taken or received in violation of the foregoing provisions, the court shall declare the same to be void, and enjoin any prosecution thereon, and order the same to be surrendered and canceled."

The notes were originally made by the plaintiff to the order of the defendant Libbie Fleig. She has transferred them, together with the jewelry, to the defendant Siegman, and upon the papers before me it must be held, for the purposes of this motion, that such transfer was made for value, before maturity of the notes, and without notice to the transferee of any infirmity in the instruments. The papers sufficiently establish the fact that the notes were usurious in their inception; but the defendant Siegman urges that, even though that be the fact, it is immaterial as to him, since he is a bona fide holder for value without notice, and he cites section 96 of the Negotiable Instruments Law (Consol. Laws 1909, c. 38), and various cases in which that section has been discussed, as authority for his contention. The section in question is as follows:

"Sec. 96. A holder in due course holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

I am very clearly of the opinion that, notwithstanding the provisions of the statute just quoted, a negotiable instrument which is void in its inception, whether it be for usury, or for forgery, or for any other reason sufficient to make it void, is also void in the hands of any subsequent holder, except only that, owing to the provisions of the Banking Law (section 74), a bank may in certain cases enforce a usurious instrument, although an individual holder could not do so. See Schlesinger v. Gilhooly, 189 N. Y. 1, 81 N. E. 619, 12 Ann. Cas. 1138; Schlesinger v. Lehmaier, 191 N. Y. 69, 83 N. E. 657, 16 L. R. A. (N. S.) 626, 123 Am. St. Rep. 591. This was very evidently the opinion of all the judges of the Court of Appeals in Schlesinger v. Gilhooly, supra, except Judge Willard Bartlett (see 189 N. Y., pages 7, 8, 21, 22, 81 N. E. 620, 621, 626, 627, 12 Ann. Cas. 1138), and as I have no doubt that such is the correct view I do not feel bound to defer either to the dicta or decisions of this court upon the question.

[2] It has been held that section 373 of the General Business Law does not authorize the maintenance of an action merely to have a past-due note adjudged void on the ground of usury. Reiner v. Galinger, 151 App. Div. 711, 136 N. Y. Supp. 205. This is because in such a case the maker of the note has a perfect defense at law, and has therefore no occasion to resort to equity for relief, and the statute was not considered to have changed the law in that respect. In the present case, however, the plaintiff seeks other relief, and I think he is entitled to maintain this action, for he seeks the relief expressly provided by

the statute and to which he would probably be entitled without the aid of the statute. Since the plaintiff requires equitable relief, and all the matters in controversy between all the parties can be fully disposed of in this action in equity, it seems proper to enjoin the further prosecution of the action at law pending in a court which is without equity jurisdiction. As the defendant Siegman holds both the notes and the jewelry, and is the only person who is threatening to sell the jewelry, the injunction should issue against him alone.

The motion for an injunction pendente lite against the defendant Siegman is granted, with $10 costs to the plaintiff to abide the event, upon giving an undertaking in such form and in such sum as shall be provided by the order to be entered hereon.