## EMANUEL v. MISICKI et al.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

BILLS AND NOTES (§ 376*)—BONA FIDE HOLDER—USURY.

In an action by a bona fide holder in due course against the maker of a note and its indorsers, the defense of usury in its inception was not available.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 982–984; Dec. Dig. § 376.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Pincus Emanuel against Thomas Misicki and others. From an order setting aside the verdict of a jury and granting a new trial, plaintiff appeals. Reversed, and verdict reinstated.

Argued October term, 1914, before SEABURY, BIJUR, and CO-HALAN, JJ.

Ginzberg & Picker, of New York City, for appellant.

PER CURIAM. This action was brought to recover the amount due upon a promissory note made by the defendant Misicki, and indorsed by him and the other defendants. It was shown by the plaintiff upon the trial that he was an innocent purchaser of the note for value and before maturity. The note in suit was the second renewal given by the defendant Misicki, and the defense was that the note was usurious in its inception.

While the decisions are not in accord upon the question of the availability of such a defense, when urged against a holder of a note in due course (see Klar v. Kostuik et al., 65 Misc. Rep. 199, 119 N. Y. Supp. 683, and Crusins v. Seigman et al., 81 Misc. Rep. 367, 142 N. Y. Supp. 348), we feel bound to follow the Appellate Term decision, and to hold that the refusal of the trial judge to charge the jury, as requested by the plaintiff's attorney, that this defense was not available to the defendant herein as against the plaintiff, was error. Moreover, the court below allowed testimony upon the issue as to the usurious character of the note, and upon this question of fact, the only one raised in the case, the jury found for the plaintiff. The court below gave no reason whatever for setting aside this verdict, and the record disclosed none.

Order reversed, with costs, and verdict reinstated.