### ERNST OESER & CO. v. BEHREND et al.

(Supreme Court, Appellate Term, First Department. March 4, 1915.)

BILLS AND NOTES (§ 376*)—BONA FIDE HOLDERS—DEFENSES—USURY.

　　Under Negotiable Instruments Law (Laws 1897, c. 612; Consol. Laws, c. 38) § 96, providing that a holder in due course holds the instrument free from any defect of title of prior parties, and from defenses available to prior parties among themselves, and may enforce payment against all parties liable thereon, the defense of usury cannot be urged against a bona fide holder for value in due course and before maturity.

　　[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 982–984; Dec. Dig. § 376.*]

Pendleton, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Ernst Oeser & Co. against Gerhard J. Behrend and another. From a judgment entered on a verdict directed for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Cohen Bros., of New York City (Lawrence B. Cohen and Sumner L. Samuels, both of New York City, of counsel), for appellants.

William J. Miller, of New York City, for respondent.

SHEARN, J. In an action on a promissory note, brought by a bona fide holder in due course for value before maturity, the defendants, the makers of the note, plead usury. It has been twice held by this court that the defense of usury is not available in such a case, under section 96 of the Negotiable Instruments Law (chapter 612, Laws 1897). Klar v. Kostiuk, 65 Misc. Rep. 199, 119 N. Y. Supp. 683; Emanuel v. Misicki, 149 N. Y. Supp. 905. See, also, Crusins v. Siegman, 81 Misc. Rep. 367, 142 N. Y. Supp. 348. It is especially

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

important that in a court, constituted as is the Appellate Term, of justices changing from month to month, there should be continuity of decisions. Aside, therefore, from the merits of the legal question presented, regard for repeated decisions of this court requires the affirmance of the judgment below, holding the defense unavailable.

Under these circumstances, and as this case will doubtless go to the Court of Appeals, no purpose would be served by extending this opinion. I desire to say, however, that I do not agree that this decision practically writes the inhibition against usury from the statutes, but rather with Mr. Justice Laughlin, in Schlesinger v. Kelly, 114 App. Div. 546, 99 N. Y. Supp. 1083, when he said:

"The usury laws remain in full force, but to facilitate the free circulation of negotiable paper by protecting holders thereof in due course for value in their right to enforce the same, the usury laws are to that extent superseded by the provisions of section 96 of the Negotiable Instruments Law."

Judgment affirmed, with costs.

GUY, J., concurs.

PENDLETON, J. (dissenting). The action is on a promissory note. The defense is usury. Plaintiff is a bona fide transferree of the note before maturity, for value, and without notice. That notes void for usury are void in whosesoever hands they may come has been the settled law of the state is too plain for argument. Section 373, General Business Law (Consol. Laws, c. 20); Claflin v. Boorum, 122 N. Y. 385, 25 N. E. 360. This rule the learned trial justice held has been changed by section 96 of the Negotiable Instruments Law. It provides as follows:

"A holder in due course holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

The question is thus squarely presented whether, under the above provisions, a note void for usury under section 373 of the General Business Law is nevertheless enforceable in the hands of a bona fide transferee, who took it in due course, for value, and without notice. Do those provisions refer to notes void in their inception, or only valid notes? Did the Legislature intend to thereby change the substantive law, or is the statute declaratory only, and a codification of existing law? The decisions on the question are not uniform. The ruling made at the trial has the support of Schlesinger v. Kelly, 114 App. Div. 546, 99 N. Y. Supp. 1083; Klar v. Kostiuk, 65 Misc. Rep. 199, 119 N. Y. Supp. 683; Emanuel v. Misicki, 149 N. Y. Supp. 905. Opposed are Schlesinger v. Gilhooly, 189 N. Y. 1, 81 N. E. 619, 12 Ann. Cas. 1138; Schlesinger v. Lehmaier, 191 N. Y. 69, 83 N. E. 657, 16 L. R. A. (N. S.) 626, 123 Am. St. Rep. 591; Crusins v. Siegman, 81 Misc. Rep. 367, 142 N. Y. Supp. 348. Not much assistance is derived from an examination of the statute itself. It must, in fairness, be admitted that the language is about as susceptible of one construction as the other.

The argument of the leading case relied on by plaintiff (Schlesinger v. Kelly, 114 App. Div. 546, 99 N. Y. Supp. 1083), is based on the view that the statute grew out of an attempt to secure uniformity in all the states, and to free negotiable instruments or papers purporting to be such as far as possible in the hands of innocent holders from latent or local infirmities, and to hold this included infirmities going to their inception equally with others was more consonant with the purposes of the act, and there is much force, undoubtedly, in this argument.

On the other hand, while surrounding circumstances may be considered in construing ambiguous legislative enactments, the language used is, after all, the primary source from which to determine the legislative intent, and as repeal by implication is not favored, where the words are as consistent with an intent not to change or repeal, such would seem to be the natural effect to be given to them. As express words would seem the more natural way of effecting an intended change, the fact they are not used would indicate that no change was intended, and such inference cannot but be strengthened where, as in this statute, the Legislature by express provisions repealed other parts of the existing statutory law. See section 340, c. 612, Laws 1897, the original statute. The inference would seem reasonable, if it had intended a further appeal, it would have included it in that section.

That the change in the law contended to have been effected is of far-reaching scope is manifest. Paper otherwise void becomes valid, so soon as it reaches the hands of a holder for value without notice, and it would seem to follow must be the subject of sale or gift by him, even to those having notice of the original infirmity; otherwise, he would be in the position of having a claim he could enforce, but not sell. If a valid claim, it must be subject to the usual laws governing the sale and transfer of property, and the owner's right to sell or dispose of it by gift or devise, or transfer for the benefit of creditors, could not be curtailed by the proviso that he find a transferee equally uninformed as himself. This would also follow from section 97 of the same act.

It is not difficult to see that, as affairs are conducted, if the rule of construction contended for is to be adopted, the Legislature might almost as well have written off the inhibition against usury from the statute books of the state, and it can scarcely be accepted that so drastic a change was intended to be made by implication. Courts must assume that, if the Legislature intended so far-reaching an alteration of law, it would have used express words to effectuate its purpose.

The judgment must be reversed, and a new trial granted; costs to appellants to abide the event.