WILLIAM J. KENNEDY, Respondent, *v.* ISAAC J. HEYMAN, Appellant.

First Department, May 31, 1918.

**Bills and notes — accommodation note — words " value received " not conclusive as to consideration — sale of accommodation note is inception thereof — usury — purchase of accommodation paper at more than six per cent less than its value.**

The maker of an accommodation note is not estopped from claiming that there was no consideration because the instrument contained the words " value received," said words being a mere admission open to contradiction.

Furthermore, the presence of the words " value received " on an accommodation note is not sufficient to take the question of consideration to the jury where all the other evidence clearly shows that there was no consideration.

A sale of accommodation paper is treated as a loan of money, the purchaser being the lender and the seller the borrower and such paper has no inception until it is delivered for value.

Where the purchaser of an accommodation note paid nearly twelve per cent less than its face value to the payee he cannot recover against the maker because of the usury.

APPEAL by the defendant, Isaac J. Heyman, from an order and determination of the Appellate Term of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on or about the 16th day of November, 1917, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District, in defendant's favor.

*Reuben S. Lind,* for the appellant.

*Guernsey Price,* for the respondent.

SHEARN, J.:

The question presented is whether the plaintiff, who purchased an accommodation note from the accommodated party at a discount of about twelve per cent, can recover thereon against the maker, whose contention is that the note is void for usury.

There is no question whatever but that the note was

purely for the accommodation of Traphagen who negotiated it to the plaintiff and that it was without any consideration. When it was delivered, Traphagen, the accommodated party, delivered to the maker a paper signed by him stating: " Mr. I. J. Heyman has this date given me a note for $200 for three months from date for which he is not liable and which I agree to pay when said note falls due. This note was given to me for my accommodation." Right here might be noticed a contention made by the plaintiff that defendant is estopped from claiming that the note had no consideration and was merely for accommodation because it contained the words " Value received." There is no estoppel about this. It is a mere admission, and, as it was held in *Strickland* v. *Henry* (175 N. Y. 372), it is open to the maker to contradict this admission. Furthermore, the presence of these words is not even sufficient to take the question of consideration to the jury where all the other evidence clearly shows that there was no consideration. (*Kramer* v. *Kramer*, 181 N. Y. 477, 482.)

The plaintiff relies upon a number of cases, such as *Oeser & Co.* v. *Behrend* (151 N. Y. Supp. 873); *Emanuel* v. *Misicki* (149 id. 905) and *Klar* v. *Kostiuk* (65 Misc. Rep. 199), holding that in an action on a promissory note brought by a *bona fide* holder in due course for value before maturity, under section 96 of the Negotiable Instruments Law (Gen. Laws, chap. 50; Laws of 1897, chap. 612; Consol. Laws, chap. 38; Laws of 1909, chap. 43), the defense of usury is not available. None of these cases is in point. These cases deal with usury exacted of the maker by his immediate transferee, where the note has thereafter come into the hands of a *bona fide* holder in due course. The question here is whether a party whose receipt of a note constituted its inception can recover thereon if it be tainted with usury exacted by him at such inception.

A sale of accommodation paper is treated as a loan of money, the purchaser being the lender and the seller the borrower. This has been frequently held, the last words of the Court of Appeals on the subject being in *Strickland* v. *Henry* (*supra*) where the court said: " This action was brought on a promissory note for $175 made by William

Henry to the order of Tony Rheims, who thereafter, and before maturity, indorsed it and delivered it to plaintiff, receiving therefor $157.50. The answer set up usury, the claim of defendant and Rheims being that the note had no legal inception prior to its delivery to plaintiff, inasmuch as it had been made by defendant solely for the accommodation of Rheims. If such were the fact the transaction between Rheims and plaintiff amounted in law to a discount of an accommodation note at a greater discount than 6%, for the sale of accommodation paper is treated as a loan of money, the purchaser being the lender and the seller the borrower. (*Eastman* v. *Shaw*, 65 N. Y. 522; *Straus* v. *Tradesmen's Nat. Bank*, 122 N. Y. 379)."

As between the maker and the accommodated party, of course the note represented no obligation whatever. It had no inception until it was delivered for value. As was recently said in *Sabine* v. *Paine* (166 App. Div. 9): "The note had no valid inception until its purchase and discount by plaintiff's agent." In that case M. S. Paine executed a note for the face amount of $2,100 to one Vacheron, who sold it to the plaintiff for $1,850. Under such circumstances the court held that the transaction was usurious and that the paper was void.

It may be said that this is a harsh rule, but we are dealing with one who knowingly exacted usury. As a matter of law and fact the plaintiff was lending a borrower $181.50 for which he was to receive $203, or a profit of $21.50, which is at the rate of eleven and eight-tenths per cent. It is not the case of ordinary discount at a legal rate but is a plain loan at a usurious rate. The lender in such case is put upon inquiry. He knows that if the note had a valid inception and was originally delivered by the maker for value there can be no defense of usury or of any other infirmity in the transaction. But he also knows, or must be held to know, that if the inception of the note consists in its negotiation to him, the transaction is nothing but an ordinary loan, and if usurious the transaction is void. As Mr. Justice LAUGHLIN said in his frequently cited opinion in *Schlesinger* v. *Kelly* (114 App. Div. 546), quoting *Strickland* v. *Henry* (66 id. 23): "'The holder is bound to know the character of the paper

he is dealing in, and if it turns out to be accommodation paper the transaction is usurious.' Of course, a person taking negotiable paper must determine at his peril whether or not it has had an inception." This must be so, however strongly one may wish to uphold the stability of commercial paper and enforce the obligations of those who put it into currency and circulation. Legal inception of a note is the very foundation of liability. As a purchase of an accommodation note is a mere loan by the purchaser to the seller, and as such a loan at usurious interest is void, and as the proof here conclusively shows that such was the transaction, there can be no recovery and the determination of the Appellate Term should be reversed, with costs, and the judgment of the Municipal Court in favor of the defendant affirmed, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concurred.

Determination reversed, with costs, and judgment of Municipal Court affirmed, with costs.