JACOB HANAUER, Respondent, *v.* GEORGE P. SMITH, Appellant.

First Department, April 1, 1921.

**Bills and notes — accommodation paper — action by transferee — defense of usury between payee and transferee — evidence that notes were accommodation paper admissible — estoppel.**

In an action on promissory notes in which the defense interposed is that the defendant gave the notes to a third person without consideration and solely as an accommodation and that the transfer of the notes to the plaintiff was usurious, it is error to refuse to admit testimony on the part of the defendant, expressly offered as laying a basis for the defense of usury, that the notes were made and delivered by the defendant to said third person without consideration and solely for the latter's accommodation.

The defendant assumed the burden of first showing when the notes in question actually had an inception, which was when they were delivered for value, and he had the right to show as the first step in this proof that no consideration had been given for the making or delivery to said third person, which proof he proposed to follow by proof of the usurious transaction between the third person and the plaintiff.

Defendant was not estopped from claiming the right to prove that the notes were accommodation notes and that they had no inception until they were transferred to plaintiff, for there is no proof that plaintiff relied upon certificates made by the defendant and was thereby misled to his detriment and was in fact ignorant of the actual nature of the transaction between the defendant and the third person.

APPEAL by the defendant, George P. Smith, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of November, 1920, on the verdict of a jury for $8,329.20, and also from an order entered in said clerk's office on the 12th day of November, 1920, denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Henry M. Stevenson,* for the appellant.

*I. Gainsburg* [*Joseph P. Segal* of counsel], for the respondent.

DOWLING, J.:

This action was brought to recover on four promissory notes alleged to have been made by the defendant to the order

First Department, April, 1921. [Vol. 196

of S. C. Sugarman and by him indorsed and delivered for value, before maturity, to plaintiff, which notes were not paid when due. The answer set up as to one of these notes that the defendant's signature thereon was a forgery; as to the other three notes the defendant pleaded that they were given by defendant to Sugarman without consideration and solely as an accommodation made for the benefit of Sugarman; as to all the notes the defendant pleaded the defense of usury as between Sugarman and plaintiff. The issue of whether the name of defendant was forged to the $4,000 note, set forth in the second cause of action, was found by the jury adversely to defendant's contention and no valid reason is suggested for the reversal of that finding of the jury. It is urged, however, that error was committed in the exclusion of certain evidence offered by the defendant upon the issue of usury. The defendant endeavored to elicit testimony tending to show that these three notes were made and delivered by him to Sugarman without consideration and solely for the latter's accommodation; this was the first step in the defendant's effort to prove the usurious transaction which he had set up as a defense. This testimony was expressly offered as laying the basis for such defense. The court, however, refused to receive this evidence. Its ruling to that effect was erroneous. In *Kennedy* v. *Heyman* (183 App. Div. 421) Mr. Justice SHEARN said:

" The question presented is whether the plaintiff, who purchased an accommodation note from the accommodated party at a discount of about twelve per cent, can recover thereon against the maker, whose contention is that the note is void for usury.

" There is no question whatever but that the note was purely for the accommodation of Traphagen who negotiated it to the plaintiff and that it was without any consideration. When it was delivered, Traphagen, the accommodated party, delivered to the maker a paper signed by him stating: ' Mr. I. J. Heyman has this date given me a note for $200 for three months from date for which he is not liable and which I agree to pay when said note falls due. This note was given to me for my accommodation.' Right here might be noticed a contention made by the plaintiff that defendant is estopped

from claiming that the note had no consideration and was merely for accommodation because it contained the words ' Value Received.' There is no estoppel about this. It is a mere admission, and, as it was held in *Strickland* v. *Henry* (175 N. Y. 372), it is open to the maker to contradict this admission. Furthermore, the presence of these words is not even sufficient to take the question of consideration to the jury where all the other evidence clearly shows that there was no consideration. (*Kramer* v. *Kramer*, 181 N. Y. 477, 482.)

" The plaintiff relies upon a number of cases, such as *Oeser & Co.* v. *Behrend* (151 N. Y. Supp. 873); *Emanuel* v. *Misicki* (149 id. 905) and *Klar* v. *Kostiuk* (65 Misc. Rep. 199), holding that in an action on a promissory note brought by a *bona fide* holder in due course for value before maturity, under section 96 of the Negotiable Instruments Law (Gen. Laws, chap. 50; Laws of 1897, chap. 612; Consol. Laws, chap. 38; Laws of 1909, chap. 43), the defense of usury is not available. None of these cases is in point. These cases deal with usury exacted of the maker by his immediate transferee, where the note has thereafter come into the hands of a *bona fide* holder in due course. The question here is whether a party whose receipt of a note constituted its inception can recover thereon if it be tainted with usury exacted by him at such inception.

"A sale of accommodation paper is treated as a loan of money, the purchaser being the lender and the seller the borrower. This has been frequently held, the last words of the Court of Appeals on the subject being in *Strickland* v. *Henry* (*supra*) where the court said: ' This action was brought on a promissory note for $175 made by William Henry to the order of Tony Rheims, who thereafter, and before maturity, indorsed it and delivered it to plaintiff, receiving therefor $157.50. The answer set up usury, the claim of defendant and Rheims being that the note had no legal inception prior to its delivery to plaintiff, inasmuch as it had been made by defendant solely for the accommodation of Rheims. If such were the fact the transaction between Rheims and plaintiff amounted in law to a discount of an accommodation note at a greater discount than 6%, for the sale of accommodation paper is treated as a loan of money, the purchaser being the

lender and the seller the borrower. (*Eastman* v. *Shaw*, 65 N. Y. 522; *Straus* v. *Tradesman's Nat. Bank*, 122 N. Y. 379.) '

"As between the maker and the accommodated party, of course the note represented no obligation whatever. It had no inception until it was delivered for value. As was recently said in *Sabine* v. *Paine* (166 App. Div. 9): ' The note had no valid inception until its purchase and discount by plaintiff's agent.' In that case M. S. Paine executed a note for the face amount of $2,100 to one Vacheron, who sold it to the plaintiff for $1,850. Under such circumstances the court held that the transaction was usurious and that the paper was void.

" It may be said that this is a harsh rule, but we are dealing with one who knowingly exacted usury. As a matter of law and fact the plaintiff was lending a borrower $181.50 for which he was to receive $203, or a profit of $21.50, which is at the rate of eleven and eight-tenths per cent. It is not the case of ordinary discount at a legal rate, but is a plain loan at a usurious rate. The lender in such case is put upon inquiry. He knows that if the note had a valid inception and was originally delivered by the maker for value there can be no defense of usury or of any other infirmity in the transaction. But he also knows, or must be held to know, that if the inception of the note consists in its negotiation to him, the transaction is nothing but an ordinary loan, and if usurious the transaction is void. As Mr. Justice LAUGHLIN said in his frequently cited opinion in *Schlesinger* v. *Kelly* (114 App. Div. 546), quoting *Strickland* v. *Henry* (66 id. 23): ' The holder is bound to know the character of the paper he is dealing in, and if it turns out to be accommodation paper the transaction is usurious. Of course, a person taking negotiable paper must determine at his peril whether or not it has had an inception.' This must be so, however strongly one may wish to uphold the stability of commercial paper and enforce the obligations of those who put it into currency and circulation. Legal inception of a note is the very foundation of liability. As a purchase of an accommodation note is a mere loan by the purchaser to the seller, and as such a loan at usurious interest is void, and as the proof here conclusively shows that such was the transaction, there can be no recovery and

the determination of the Appellate Term should be reversed, with costs, and the judgment of the Municipal Court in favor of the defendant affirmed, with costs."

The defendant assumed the burden of first showing when the notes in question actually had an inception, which was when they were delivered for value.  He had the right, therefore, to show as the first step in this proof that no consideration had been given for the making or delivery to Sugarman. This proof he proposed to follow by proof of the usurious transaction between Sugarman and the plaintiff.  The refusal to receive the proffered evidence upon both these elements of the defense was error which requires the reversal of this judgment and order and the granting of a new trial.

Plaintiff's contention that the defendant is estopped from claiming the right to prove that the notes were accommodation notes, and that they had no inception until they were transferred to plaintiff, is without force for the reason that there is no proof that plaintiff relied upon the certificates made by defendant and was thereby misled to his detriment and that he was, in fact, ignorant of the actual nature of the transaction as to these notes between the defendant and Sugarman.

The judgment and order appealed from will be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and GREENBAUM, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.