D. S. Stern & Co., Inc., Respondent, v. Louis Pizitz, Appellant.

First Department, April 6, 1934.

N. H. Kugelmass of counsel [James Marshall and N. H. Kugelmass, attorneys], for the appellant.

Louis J. Paley of counsel [Julius Roth with him on the brief; George Knopp, attorney], for the respondent.

O'Malley, J. We are of opinion that with respect to the $4,000 note made by the defendant as accommodation maker, and transferred by the corporate payee by indorsement to the plaintiff for the loan, the defendant may not raise the defense of usury.

The note had no inception as a negotiable instrument until transferred for value. (*Kennedy* v. *Heyman*, 183 App. Div. 421.) This is conceded by the defendant. Any exaction of interest for more than the legal rate then took place. The corporate payee which received the money at the inception of the note could not plead such defense. (General Business Law, § 374.) The defendant, as surety, likewise should not be entitled to the benefit of such defense. (*Rosa* v. *Butterfield*, 33 N. Y. 665; *Stewart* v. *Bramhall*, 74 id. 85.)

On the second note made by the corporate borrower to its own order and indorsed to the plaintiff, defendant is sued as an indorser thereon before delivery. Defendant's own witness testified that this note was given as a pledge by way of collateral security to insure the collection of the $4,000 note. As the defendant was not the borrower or principal debtor, our decision in *Mercantile Factors Corp.* v. *Warner Bros. Pictures, Inc.* (215 App. Div. 530; affd., 244 N. Y. 504), does not apply.

The pledgee of collateral commercial paper holds the same in trust to enforce it according to its tenor, collect the proceeds and hold the same for the purposes of application upon the principal indebtedness and may apply such proceeds to the extent that such indebtedness is unpaid. In addition, the expenses of collecting the collateral may be also withheld. (*Wheeler* v. *Newbould*, 16 N. Y. 392; *Brightson* v. *Claflin*, 225 id. 469, 476; *Field* v. *Sibley*, 74 App. Div. 81; affd., 174 N. Y. 514; *Pelonsky* v. *Wattendorf*, 255 Mass. 558; 2 Daniel Neg. Inst. [7th ed.] chap. 25, pp. 1035 *et seq.*)

The plaintiff, therefore, was entitled to recover as against this defendant upon both notes sued upon. The proceeds of the judgment herein, over and above the sum of $4,489.51 (representing full recovery on the principal note), with interest thereon when and if collected by the plaintiff, will be held, therefore, in trust for such purposes.

The judgment appealed from should, therefore, be affirmed, with costs.

FINCH, P. J., MERRELL and MARTIN, JJ., concur.

Judgment affirmed, with costs.