MICHEL TCHLÉNOFF, Plaintiff, *v.* JACOB DYNER and UNIVERSAL MACHINE TOOL MANUFACTURING Co., INC., Defendants.

Supreme Court, Special Term, New York County, June 22, 1942.

*Boris M. Komar*, for the plaintiff.

*E. M. Slote*, for the defendant.

EDER, J. This is a motion pursuant to rule 113 of the Rules of Civil Practice for an order striking out the answer of the defendant Dyner and granting judgment to the plaintiff.

The action is upon a promissory note made by said defendant payable to plaintiff and indorsed by the corporate defendant. The making and delivery of the note are admitted; no defense is pleaded other than a purported claim of usury.

In this separate defense which is paragraph marked " Third " of the answer, it is alleged that the plaintiff and the said defendant Dyner entered into an agreement whereby the plaintiff agreed " to release a lien " in the amount of approximately $20,000 upon certain machinery owned by the corporate defendant in consideration, among other things, of said defendant Dyner's executing and delivering to plaintiff a series of promissory notes, among which was the note set forth in the complaint, in the aggregate of $11,040, which amount included therein a guaranteed minimum profit of two per cent per month to the plaintiff; that said guaranteed minimum profit of two per cent per month was a scheme and device whereby the plaintiff was to receive the sum of $1,040 in fact as a usurious rate of interest on the indebtedness due him. This allegation is denied by plaintiff. But whether or not it be so, I do not see that the facts thus pleaded constitute usury or present any defense.

In order for a transaction to be usurious it must be such at the inception. " It is a fundamental doctrine governing the law of usury that the defense must be founded upon a loan or forbearance of money. If neither of these elements exists there can be no usury, however unconscionable the contract may be. * * * There must be a lender and a borrower, and it must appear that the real purpose of the negotiations and transactions was, on the one side to loan money at usurious interest reserved in some form by the contract, and on the other side to borrow upon the usurious terms dictated by the lender." (*Orvis* v. *Curtiss*, 157 N. Y. 657, 661.)

According to the very allegations of the answer, and so it appears from the affidavits, the plaintiff had a lien upon certain machinery, tools, etc., arising from a prior transaction between the corporate defendant and himself. Thereafter this lien was dis-

charged by the agreement referred to. There was no transaction between plaintiff and the defendant Dyner involving the loan or forbearance of money, nor with regard to such a pending transaction between them. This defendant was undertaking an obligation to enable an existing lien to be released upon the strength of his promissory notes. The *bona fide* sale of one's credit, by a guaranty, or by signing a note for another's accommodation exceeding the legal rate of interest, is not usurious, if the transaction is not connected with a loan between the parties (*Baldwin* v. *Doying*, 114 N. Y. 452), and the instant case is much stronger in illustrating the inapplicability of such a defense in point of facts, for here this defendant sought to obtain a release for the corporate defendant of an existing lien.

The basic elements which must exist to enable the defense of usury to be available are entirely absent here and there is no triable issue presented or valid defense as a matter of law.

The case of *Stern & Co., Inc.*, v. *Pizitz* (240 App. Div. 509), cited and relied on by plaintiff is without application here; it holds that the defense of usury was not available to the accommodation maker of a note transferred by indorsement of the corporate payee to the plaintiff for a loan. The note in suit is not of that character — the plaintiff, and not the corporate defendant, is the payee.

Motion granted. Settle order.