Midtown Commercial Corp., Appellant, v. Louis Kelner, Also Known as Louis Kelner Account Number One, Respondent, et al., Defendants.

First Department, March 12, 1968.

*Louis Brown* for appellant.

*Frank S. Jaquinto* of counsel (*Maxwell S. Pfeifer*, attorney), for respondent.

Steuer, J. This action is upon two checks, one for $2,500 and one for $1,000. Both checks were issued to one Rosenthal by Kelner, the defendant-respondent. The issue on this appeal is whether Kelner has any defense to the checks.

The facts which for the purpose of this motion are undisputed are as follows: Rosenthal, who was desirous of raising money, approached Kelner to obtain his assistance. Rosenthal gave Kelner his postdated checks in the sums of $2,500 and $1,000, and Kelner gave his own checks to Rosenthal in the same amounts. Kelner says that Rosenthal promised that Kelner's checks would

not be negotiated but would be collateral for a loan; and that Rosenthal would deposit the proceeds of his loan in his own account. He further stated that Kelner's checks would never be presented for payment but, if they were, Kelner could then present Rosenthal's checks. In this context, the statement that the checks would not be presented was a prediction rather than a representation or a promise. The prediction was that Rosenthal would repay his lender before the due date of the checks and, hence, the lender would have no recourse to them. The possibility that this would not happen was envisaged and the issuance of Rosenthal's checks to Kelner was to provide for Kelner's being repaid in the event Kelner's checks were used by the lender. Instead of borrowing on the checks, Rosenthal cashed them with plaintiff. Plaintiff gave less than the face amount of the checks, and the difference between the two amounts came to more than 6% for the period between the date of the transaction and the date of the checks.

The theory of the defense is that these facts constitute Kelner an accommodation drawer; that, as such, his checks never had any inception as negotiable instruments until Rosenthal transferred them to plaintiff; and that this last transaction was tainted with usury, which is a defense to the drawer. While the latter argument does rest on authority (see *Kennedy* v. *Heyman,* 183 App. Div. 421; *Hanauer* v. *Smith,* 196 App. Div. 29), it is concluded that it may not prevail under the facts in this case. It is noted that usury is considered a defense personal to the one from whom it is exacted, and in other situations has always been held not to affect the instrument itself (see *Williams* v. *Tilt,* 36 N. Y. 319). However that may be, these decisions are not applicable here because Kelner is not an accommodation maker. One who exchanges checks with the payee of his own check does not accommodate the payee, and the instrument received in return, even if unpaid, is a consideration which, even in the hands of the payee, will support recovery (*Newman* v. *Frost,* 52 N. Y. 422); and this remains so whatever the arrangements between them as to not presenting the checks may be (*Artia Parliament Distr. Corp.* v. *Kendricks,* 19 A D 2d 813).

As this is not accommodation paper, the theory of the defense collapses. As stated in the *Hanauer* case (*supra,* p. 32): "The lender in such case is put upon inquiry. He knows that if the note had a valid inception and was originally delivered by the maker for value there can be no defense of usury or of any other infirmity in the transaction." (To the same effect, *Schlesinger* v. *Kelly,* 114 App. Div. 546; *Strickland* v. *Henry,* 66 App. Div. 23.) Consequently, whether or not there was usury in the dis-

counting of the checks is immaterial. Such alleged usury does not impugn plaintiff's rights as a holder in due course (see *Second Nat. Bank* v. *Weston*, 172 N.Y. 250; *Trade Development Bank* v. *Cal-Tech Systems*, 20 A D 2d 355), and there is no valid defense as against the plaintiff.

We wish to call particular attention to the fact that this action seeks a recovery of $3,500. No reason is suggested, nor can we think of any, why this action was not brought in the Civil Court. For this reason we are denying costs to the plaintiff. Furthermore, the trial court upon submission to it should of its own motion have transferred the case to the Civil Court (N.Y. Const., art. VI, § 19, subd. a.). At that time if there is any reason why the Civil Court would not have jurisdiction the plaintiff can advance it. Failing such a showing, the trial court should act. Restricting the cases in the Supreme Court to those properly brought there is a material factor in efficient calendar administration.

The order should be reversed, on the law, without costs and without disbursements, and plaintiff's motion for summary judgment granted.

BOTEIN, P. J., EAGER, TILZER and RABIN, JJ., concur.

Order, entered on September 11, 1967, unanimously reversed, on the law, without costs or disbursements, and plaintiff's motion for summary judgment granted.