■ J. BAXTER BRINKMANN, Respondent, v ARTHUR L. CARTER, Appellant.—Judgment, Supreme Court, New York County, entered January 26, 1978, granting plaintiff summary judgment in lieu of complaint pursuant to CPLR 3213 and awarding judgment to the plaintiff in the sum of $4,340, unanimously reversed, on the law, and vacated, and the motion denied, with $75 costs and disbursements of this appeal to appellant. The plaintiff is directed to serve formal pleadings within 20 days of service of a copy of the order entered hereon, with notice of entry. This court *sua sponte* is transferring this matter to the Civil Court where this suit should have been brought in the first instance *(Midtown Commercial Corp. v Kelner,* 29 AD2d 349, 351). The defendant had taken an assignment of a leasehold in Manhattan and concomitantly purchased some furniture and fixtures for an additional $4,000. At the time of the asignment, a separate check, dated July 7, 1976, in the amount of $4,000 was given, payable to the plaintiff with the indorsement "In full payment of furniture and fixtures re: 985 Fifth Ave. Apt. 25/26A." The check was presented for payment by plaintiff on October 26, 1976 and was returned with the notation "Payment stopped." Defendant claims that the items sold were defective and therefore he directed that payment on the check be stopped. Plaintiff then moved for summary judgment in lieu of complaint pursuant to CPLR 3213. Special Term granted the motion and we would reverse and deny summary judgment. The check given to plaintiff was dated July 7, 1976 but not sent to the plaintiff until July 26, 1976. Plaintiff in turn did not submit it for collection until October, 1976. These delays are not explained in the affidavits submitted to Special

Term. Plaintiff concededly received notice of possible defects by November 3, 1976, *after* payment on the check had been stopped, and the record is unclear whether notice may even have been given at an earlier date. These circumstances, in the aggregate, raise an issue of fact whether timely notice of the defects claimed was given by the defendant, and preclude the granting of summary judgment. Concur—Lupiano, J. P., Fein, Lane, Markewich and Sullivan, JJ.