**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**Gary FRIEDLAND, Defendant.**

**No. 88 Civ. 2915 (RPP).**

United States District Court, S.D. New York.

March 20, 1991.

942

Ira L. Hyams, P.C., Jericho, N.Y. by Ira L. Hyams, for plaintiff.

Skolnick & Hochberg, New York City by Ralph R. Hochberg, for defendant.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiff Federal Deposit Insurance Corporation ("FDIC") moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment in the amount of the unpaid balance of principal and interest due under a note for a principal amount of $300,000.00 and attorney's fees, costs and disbursements.

For the reasons stated below, the motion for summary judgment is granted.

## BACKGROUND

On May 10, 1984, defendant Gary Friedland ("Friedland") executed a promissory note in the principal amount of $300,000.00, payable on May 10, 1986. He delivered the note to Robert K. Marceca ("Marceca"), who is not a party in this action, as part of the $400,000.00 purchase price for a 22% partnership interest in 312 East 51st Associates, a cooperative conversion venture which owned the premises at 312 East 51st Street, New York, New York. The note provides that it "may not be changed or terminated orally." Affidavit of John W. O'Connell, December 10, 1990, Exhibit C. Thereafter, on May 31, 1984, Friedland executed an estoppel letter dated May 31, 1984 ("the estoppel letter"), addressed to Bank Leumi Trust Company of New York ("Bank Leumi"), which consented to the endorsement of the note to Bank Leumi as collateral security for the bank's extension of credit to Marceca, noting that the extension of credit would benefit Friedland as an investor in 312 East 51st Associates and also noting that the obligations of the note were absolute and unconditional, subject, however, to the terms and provisions of his investment agreement with Marceca and another partner, dated May 10, 1984. Affidavit of Gary Friedland, January 4, 1991, Exhibit D.

The estoppel letter was readdressed to the Bowery Savings Bank ("Bowery") and it and Friedland's note for $300,000.00 were used by Marceca as collateral for a $675,000.00 loan from Bowery on or around July 5, 1984.[1] Thereafter the FDIC entered into an assistance transaction with Bowery. As part of the assistance transaction, Bowery assigned Friedland's promissory note to FDIC, who presently holds it. Defendant has made no payments under the note. Marceca has defaulted on his indebtedness to Bowery, a loan which was also assigned to FDIC, on which over $800,000.00 in principal and interest is outstanding, and has filed for bankruptcy. Affidavits of John O'Connell, December 10, 1990, February 5, 1991; Affidavit of Gary Friedland, January 4, 1991.

Under his investment agreement with Marceca dated May 10, 1984, Friedland had a right, in the event the premises were not converted to cooperative ownership within two years (which time period could be extended by mutual agreement of the parties) to the return of any portion of the $400,-

---

1. The note obligated defendant to make monthly interest payments at 10% per annum on the unpaid principal balance, calculated on a 360-day year. If repayment of the principal was not made in full at maturity, the note obligated defendant to pay interest from the due date at a rate of 16% per annum until the date of actual payment.

000.00 paid in cash by him and the promissory note. That right was "to be exercised on or before a date seven (7) days from the end of said two (2) year period by notice in writing delivered to the Partnership by certified mail, return receipt requested." Affidavit of Gary Friedland, January 4, 1991, Exhibit A.

Friedland states that he became a partner in the partnership and that he took occupancy in an apartment in the 312 East 51st Street townhouse and uses it as his residence; that in early 1986 he advised the partnership through Marceca that he wanted to cancel the transaction since there was no progress with respect to conversion and for other reasons; that his request for the return of his money was oral and that "Marceca told me not to worry—everything would be resolved without a problem." Friedland Affidavit.

Friedland argues that since the estoppel letter put Bowery on notice that there were provisions in the May 10, 1984 agreement which affected his absolute and unconditional obligations under the note, and since he advised Marceca he wanted to cancel the transaction early in 1986, Bowery and its assignee FDIC have no right to enforce the note. He does not dispute that Bowery and FDIC did not receive a copy of the May 10, 1984 agreement.

## DISCUSSION

To grant a motion for summary judgment a court must find that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law because, after sufficient time for discovery, the non-moving party has failed to make a sufficient showing of an essential element of its case as to which it has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is appropriate if the evidence offered demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court must view the facts in the light most favorable to the non-moving party. *Meiri v. Dacon*, 759 F.2d 989, 997 (2d Cir.1985), *cert. denied*, 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985).

■ Assuming in the context of this motion that the May 10, 1984 agreement was validly made, the agreement of May 10, 1984, as furnished by Friedland, by its terms required that he request the return of the note on or before seven days from the end of the two years following the date of the May 10, 1984 agreement, "by written notice, delivered to the partnership by certified mail, return receipt requested." Friedland Affidavit, Exhibit A. Friedland acknowledges he did not comply with these conditions and that whatever requests he made were oral. Accordingly, Friedland did not exercise his right to the return of the note as required by the agreement and the note remains valid and outstanding.

■ Furthermore, even if his oral request constituted a valid exercise of his right to the return of the note, his action would have no effect here because the agreement is not binding on the FDIC. 12 U.S.C. § 1823(e) does not permit a side agreement such as the May 10, 1984 agreement to defeat the interest of the FDIC.[2] The alleged agreement was not executed contemporaneously with the acquisition of the asset by the depository institution, i.e. Bowery. It was not approved by the Board

**2.** Section 1823(e) provides:

No agreement which tends to diminish or defeat the interest of the [FDIC] in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the [FDIC] unless such agreement—
(1) is in writing,
(2) was executed by the depository institution and any person claiming an adverse interest

thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
(3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
(4) has been, continuously, from the time of its execution, an official record of the depository institution.
12 U.S.C. § 1823(e).

of Directors or Loan Committee of the depository institution. It was not part of the official record of the depository institution. 12 U.S.C. 1823(e). Under the statute, failure to meet any one of the conditions precludes an agreement from binding the FDIC. It is uncontested that the three aforementioned conditions have not been met. In *FDIC v. Hoover Morris Enterprises*, 642 F.2d 785 (5th Cir.1981), the Fifth Circuit pointed out that the statutory language of 12 U.S.C. § 1823(e) is all-encompassing in order to protect the FDIC from fraud. The court held that unless a side agreement meets the conditions of § 1823(e), it may not be asserted to defeat or diminish the FDIC's interest in an asset. The Fifth Circuit's analysis is persuasive. The May 10, 1984 agreement between Marceca and Friedland as to the return of the note and cancellation is a "side agreement" to which section 1823(e) applies.

■ Disclosure of the existence of the agreement of May 10, 1984 by the estoppel letter of May 31, 1984 is no defense to this action, since it did not put Bowery or the FDIC on notice of any right of plaintiff to the return of his note on proper demand pursuant to the terms of the May 10, 1984 agreement or disclose the terms of any conditions upon the obligation to repay. *See Langley v. Federal Deposit Insurance Corporation*, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987) (§ 1823(e) does not contain an equitable exception for one who fails to protect himself by ensuring his agreement is recorded and approved in accordance with the statute). *See also, Federal Deposit Insurance Corporation v. Investors Associates X., Ltd.*, 775 F.2d 152 (6th Cir.1985).

Since there is no dispute that the underlying debt of Marceca is due, the plaintiff is entitled to enforce the promissory note according to its tenor. *D.S. Stern & Co., Inc. v. Pizitz*, 240 App.Div. 509, 270 N.Y.S. 715, 716 (A.D. 1st Dep't 1934).

Defendant claims a triable issue of material fact exists because plaintiff questions the existence of the May 10, 1984 agreement. This opinion assumes the existence of that agreement.

In view of the foregoing, plaintiff's motion for summary judgment is granted. Plaintiff is directed to submit a proposed judgment specifying the sum sought under the note and the other relief it requests, within thirty days of the entry of this Opinion and Order.

IT IS SO ORDERED.