■ RESOLUTION TRUST CORPORATION, Respondent, v SCHLESINGER MANAGEMENT CORP., Defendant, and RICHARD SCHLESINGER et al., Appellants. [619 NYS2d 115] —In an action to recover on a promissory note and to enforce two guarantees of payment brought by motion for summary judgment, the defendant guarantors appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Christ, J.), entered November 2, 1992, which granted the plaintiff's motion for summary judgment and denied their cross motions for summary judgment, and is against them and in favor of the plaintiff in the amount of $5,187,898.46.

Ordered that the order and judgment is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The Resolution Trust Corporation (hereinafter RTC), as conservator for Central Federal Savings Bank, seeks to recover on a note evidencing a $4,000,000 loan given by the bank to the defendant Schlesinger Management Corp. and guaranteed by the defendants Richard Schlesinger and Mark David Associates, a partnership in which Schlesinger and the defendant William Weinstein were general partners. We agree

with the Supreme Court that a later-executed side agreement releasing Schlesinger from personal liability on his guarantee was barred by 12 USC § 1823 (e), which protects the RTC's interest in assets acquired by it from such an agreement, unless it is in writing, was executed contemporaneously with the acquisition of the interest, was approved by the board of directors or loan committee and reflected in the minutes thereof, and was part of the official records of the lending institution *(see, Langley v Federal Deposit Ins. Corp.,* 484 US 86).

Here, the side agreement which the appellants assert as a defense to their liability on the note and their guarantees was neither executed contemporaneously with the creation of the interest nor was approval of that agreement reflected in the minutes of the board of directors or loan committee. Accordingly, the agreement must fail *(see, e.g., Resolution Trust Corp. v Allen,* 16 F3d 568, 574; *Federal Deposit Ins. Corp. v Friedland,* 758 F Supp 941, 943).

Moreover, the appellants' contentions that their situation falls within the recognized exceptions to the statute are unavailing. This is not a case where no asset was acquired by the RTC because the debt or obligation was extinguished by an independent act such as a judgment or complete satisfaction *(see, Federal Deposit Ins. Corp. v Merchants Natl. Bank,* 725 F2d 634, 639, *cert denied* 469 US 829; *see also, Federal Deposit Ins. Corp. v Bracero & Rivera,* 895 F2d 824, 830; *Grubb v Federal Deposit Ins. Corp.,* 868 F2d 1151; *Castleglen v Commonwealth Sav. Assn.,* 728 F Supp 656).

Nor do we find that the appellants are wholly innocent. In negotiating the side agreement and making a payment that enabled the bank to show the loan as current, they plainly lent themselves to the scheme or arrangement, and it is irrelevant whether or not they acted in good faith *(see, Federal Deposit Ins. Corp. v Caporale,* 931 F2d 1, 2; *Bowen v Federal Deposit Ins. Corp.,* 915 F2d 1013, 1016; *Philbin v Federal Deposit Ins. Corp.,* 147 Misc 2d 70, 76; *Central Natl. Bank v Chalet Food Corp.,* 147 Misc 2d 237, 239). Equally unavailing are their arguments that the statute does not demand literal compliance and that equity should intervene *(see, Langley v Federal Deposit Ins. Corp., supra,* at 94).

We have examined the appellants' remaining contentions and find them to be without merit. Miller, J. P., O'Brien, Joy and Krausman, JJ., concur.